**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOANNE JAFFE,

                        Plaintiff,

     against

CITY OF NEW YORK, POLICE
COMMISSIONER JAMES O'NEILL, and
FIRST DEPUTY POLICE COMMISSIONER
BENJAMIN TUCKER,

                    Defendants.

Docket No._____

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff, JOANNE JAFFE, as and for her complaint, by her undersigned counsel alleges

as follows:

## INTRODUCTION

       1.    This is an action to remedy violations of Plaintiff's rights under the Age

Discrimination in Employment Act, 29 U.S.C. § 621;  New York State Executive Law § 296;

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") *et seq*., New York City

Administrative Code § 8-107, and 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

       2.    The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and

1367.  The Court's pendent jurisdiction is also invoked pursuant to statutory reference.

       3.    Jurisdiction exists by virtue of federal questions (*see* 28 U.S.C. § 1331) which

arises under 29 U.S.C. § 621, *et seq.*, and 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1983.

## PARTIES

4.      Plaintiff, who resides at 4 Dartmouth Street #310, Forest Hills, New York 11375, was employed by Defendants from 1979 to on or about January 8, 2018 when she was constructively discharged and forced to retire by Defendants.

5.      At all times relevant herein, Plaintiff was an "employee" of Defendants within the meaning of Title VII protected against discrimination on the basis of her age and was a member of the protected group of workers 40 years of age or older.

6.      Plaintiff was protected against discrimination on the basis of her gender pursuant to Title VII *et seq*.

7.      Plaintiff was protected against discrimination on the basis of her race pursuant to Title VII et seq.

8.      Plaintiff was protected against discrimination on the basis of her national origin gender pursuant to Title VII *et seq*.

9.      Defendant, Police Commissioner James O'Neill (hereinafter "O'Neill"), upon information and belief resides in the State of New York. At all times relevant herein, O'Neill has been employed by the City of New York, most recently as the Commissioner of the New York City Police Department (hereinafter "NYPD").

10.     Defendant, First Deputy Police Commissioner Benjamin Tucker (hereinafter Tucker), upon information and belief resides in the State of New York. At all times relevant herein, Tucker has been employed by the City of New York, most recently as the first deputy police commissioner of the New York City Police Department (hereinafter NYPD).

11.     As Plaintiff's superior during her employment at NYPD, O'Neill had the power to make personnel decisions regarding Plaintiff's employment but not in contravention of the civil rights laws. O'Neill has also aided and abetted the unlawful conduct described herein.

12.     At all times relevant herein, Defendant City of New York was an "employer" of the Plaintiff within the meaning of 42 U.S.C. §§ 2000e, *et seq*.

## PROCEDURAL REQUIREMENT

13.     Plaintiff has satisfied all procedural requirements prior to commencing this action. Plaintiff filed a timely charge of age discrimination with the Equal Employment Opportunity commission and received a notice dated April 29, 2019 of her right to sue in the United States District Court pursuant to 42 U.S.C. § 2000e permitting plaintiff to bring this action. Plaintiff has exhausted all available and administrative remedies.

## BACKGROUND

14.     The New York City Police Department is a huge hierarchical organization.  There are 55,000 employees, but only thirteen three-star chiefs.  All ranks captain and below are based on civil service exams; the police commissioner designates from among the captains police officers with the ranks of deputy inspector, inspector, deputy chief, assistant chief, and chief.  A vacancy at the chief level creates many opportunities for promotion and transfer.

15.     If the mayor, or the police commissioner who reports to him, wants to promote younger people who are not white and who are women or are other than heterosexual males they can achieve these goals by creating vacancies in the ranks of chief, and promoting or transferring their favorite candidates.

16.     In this case when the police commissioner wanted to make promotions based on age, sex, ethnic background and race, he fired four chiefs who were all older and white.  As First

Deputy Benjamin Tucker explained to a different three-star chief, an older white woman whom defendant O'Neill had promoted, "There is no spot for you." Both after and before she was fired, defendant O'Neill praised Plaintiff's performance.

Each cause of action is against all Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

17.     Plaintiff hereby repeats and realleges every allegation contained in the previous paragraphs as if fully set forth herein.

18.     Plaintiff is a Jewish-American, white woman, sixty years of age.

19.     On January 8, 2018, Plaintiff was unlawfully terminated as NYPD chief of community affairs because of her age, gender and race.

20.     On that day, Plaintiff was summoned to Defendant O'Neill's office, whereupon in a meeting lasting less than a minute, she was told to retire.

21.     Plaintiff was replaced by a younger, less experienced, Hispanic-American woman, Nilda Irizzary-Hofmann (hereinafter "Hofmann").

22.     Plaintiff was told to be physically out of her office by Friday, January 12, 2018.

23.     Notwithstanding her not working, Plaintiff was told to submit time sheets even though her retirement would not be official for thirty days.

24.     At the time of her unlawful termination, Plaintiff was the senior three-star chief in the NYPD, in seniority in rank and time on the job.

25.     Plaintiff was the NYPD chief of community affairs since February 28, 2014.

26.     In January of 2018, there were thirteen three-star Chiefs. The only uniformed rank higher than three stars is the four-star chief of department, of which there is only one.

27.     Plaintiff joined the NYPD in 1979 as a police officer.

28.     Plaintiff's thirty-eight years of experience and rise through the ranks included, but was not limited to, her being a precinct commander of three different precincts: the 1st, 33rd, and  19th, patrol borough commander, commanding officer of the Office of Management, Analysis and Planning, and chief of two bureaus: chief of housing and chief of community affairs.

29.     Prior to attaining the rank of chief of community affairs, Plaintiff rose through the ranks of: sergeant, lieutenant, captain, deputy inspector, inspector, and assistant chief, where she was a patrol borough commander for the Bronx, and chief of housing.

30.     A patrol borough commander is responsible for commanding every precinct (40th, 41st, 42nd, 43rd, 44th, 45th, 46th, 47th, 48th, 49th, 50th, and 52nd precincts and specialized units, i.e. Bronx Task Force) within a patrol borough, as this is a borough wide position.

31.     In 2003, Plaintiff was promoted to chief of housing, being the first woman to rise to the level of three-star bureau chief in the 174-year history of the NYPD.

32.     NYPD chief of housing is a city-wide position, and as such, Plaintiff was responsible for the overall safety of approximately 400,000 plus residents, employees and visitors in New York City's housing developments throughout New York City.

33.     In contrast, the younger Hofmann, who replaced Plaintiff as chief of community affairs, never held a city-wide position, or even a borough-wide position, prior to replacing Plaintiff.

34.     As of the date of Plaintiff's unlawful termination on January 8, 2018, Hofmann's experience was limited to commanding two precincts, the 25th and 52nd.

35.     During Plaintiff's tenure and especially since 2014, as chief of community affairs, she was outspoken about racism and sexism within the NYPD.

36.     This contributed to Plaintiff's unlawful termination.

37.     For example, in or around February of 2016, Plaintiff created a mentorship program for newly promoted female sergeants to assist and help navigate the challenges and sexism faced by women transitioning to the rank of sergeant (first line supervisor) in the NYPD.

38.     During training at the Columbia University / NYPD Executive Forum Series about implicit bias, which took place in December 2016, January 2017, February 2017, and May 2017, Plaintiff spoke out strongly about racism and sexism in the ranks of the NYPD that she had seen.

39.     In November 2017, during an executive meeting in the police commissioner's office in the presence of the police commissioner and other executives, Plaintiff opined that the NYPD should adopt gender neutral language by speaking about gender insensitivity throughout the NYPD, in using the word "he," as in "he the Sergeant" or "he the Captain" i.e., in the context of all meetings, both internal and external as well all facets of training.

40.     Plaintiff spoke out about gender bias against women in the NYPD.  For example, in November 2017, following the terrorist truck attack in lower Manhattan, the only two women investigators whom Plaintiff saw at the incident command post at Stuyvesant High school were tasked with taking notes.  Plaintiff made her feelings known to then NYPD Chief of Detectives, Robert Boyce.  Similarly, in December 2017, following the terrorist bombing at the Port Authority Bus Station, Plaintiff saw that two uniformed female police officers were assigned to check people in, another administrative task, while the "men 'did the work.'"

41.     On January 8, 2018, within a month after the terrorist bombing of the Port
Authority Bus Terminal, the Police Commissioner terminated Plaintiff and the only other female
three-star Chief, Chief of Personnel Diana Pizzuti (the first woman to be named chief of
personnel in the history of the NYPD) as well as Chief of Transit Joseph Fox, and Chief of
Citywide Operations Thomas Purtell.

42.     All four of the chiefs terminated by Defendants were over the age 58 and white.

43.     As a result of Plaintiff's unlawful termination, she was denied a "walk-out"
ceremony, an honor given to NYPD personnel in various ranks who retire.

44.     An NYPD walk-out not only receives positive press, but is very helpful in the job-
market following one's career in the NYPD because of the public recognition it is given.

45.     In past practice, the higher one's rank the bigger the walk out ceremony.

46.     Conversely, in Plaintiff's case, she was not "walked out," but rather "thrown out."

47.     Consequently, Plaintiff was denied the opportunity to seek re-employment
because she was terminated without notice and thus denied the opportunity to look for a new
position.

48.     Plaintiff was denied the opportunity to seek re-employment because instead of
entering the job market as a "retiring" NYPD bureau chief, she was entering the market as a
"fired" NYPD bureau chief, thereby "blackballing" her from any other position as a law
enforcement executive or in the private sector for which she is eminently qualified.

49.     Plaintiff's service and contribution to the NYPD was acknowledged in a quote by
Defendant O'Neill in a published NYPD press release dated that same day where he said: "These
men and women have devoted more than a century of service to the NYPD and to the people of
this city… Each of them has tirelessly contributed their very best efforts to help bring about the

massive crime reduction of the last few decades.  We thank them for this, knowing their great talents will continue to bring them much success."

50.    Ironically, the last sentence of that statement acknowledges that Plaintiff was qualified to continue in her position.

51.    But for Plaintiff's unlawful termination, she would have worked until her 63rd birthday.

52.    Consequently, Plaintiff lost two years and 342 days of salary and benefits.

53.    But for Plaintiff's unlawful termination, she would have received additional pension payments, for the rest of her life, which she has now lost.

54.    But for Plaintiff's unlawful termination, she would have been able to utilize paid leave, which she has now lost.

55.    By engaging in the foregoing conduct Defendants changed the terms and conditions of Plaintiff's employment based on her age, race, national origin, and gender in violation of law.

56.    By engaging in the foregoing conduct, Defendants have violated her rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621;  New York State Executive Law § 296;  Title VII of the Civil Rights Act of 1964  ("Title VII"), 42 U.S.C. § 2000e, *et seq*., New York City Administrative Code § 8-107, and 42 U.S.C. § 1983.

57.    As a proximate result of the foregoing, Plaintiff was denied employment, lost wages, benefits, employment opportunities and pay raises, and has incurred damages thereby.

58.    By acting as described above, Defendants acted with malice and with reckless disregard for Plaintiff's rights, causing her to suffer emotional and psychological harm and entitling her to damages.

## AS AND FOR A SECOND CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) OF 29 U.S.C. § 621

59.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

60.     Defendants' disparate and discriminatory treatment of Plaintiff on the basis of her age is in violation of the ADEA, as amended, 29 U.S.C. § 621.

## AS AND FOR A THIRD CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW § 296 *et seq.*

61.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

62.     Defendants discriminated against Plaintiff on the basis of age in violation of New York State Executive Law § 296 *et seq.*, also known as New York State Human Rights Law (hereinafter "NYSHRL").

63.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to award of compensatory damages and attorneys' fees.

64.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff suffered, and continues to suffer, emotional distress for which she is entitled to an award of damages and attorneys' fees.

65.     By reason of the foregoing, Plaintiff seeks compensatory damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE § 8-107, *et seq.*

66.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

67.     Defendants' disparate and discriminatory treatment of Plaintiff on the basis of her age was in violation of New York City Administrative Code 8-107, *et seq.*

68.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of New York City Administrative Code 8-107, *et seq.*, Plaintiff suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

69.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of New York City Administrative Code 8-107, *et seq.*, Plaintiff suffered and continues to suffer emotional distress for which she is entitled to an award of damages and attorneys' fees.

70.     Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff under the NYSHRL for which she is entitled to an award of punitive damages and attorneys' fees.

71.     By reason of the foregoing, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.*

72.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

73.     Defendants' disparate and discriminatory treatment of Plaintiff on the basis of her race is in violation of  Title VII of the Civil Rights Act of 1964  ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.

74.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff suffered, and continues to suffer, monetary and/or economic harm including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of compensatory damages and attorneys' fees.

75.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

76.     Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff under Title VII for which she is entitled to an award of punitive damages and attorneys' fees.

77.     By reason of the foregoing, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR A SIXTH CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296 *et seq.*

78.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

79.     Defendants discriminated against Plaintiff on the basis of race and subjected her to a sexually hostile work environment in violation of NYSHRL.

80.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to award of compensatory damages and attorneys' fees.

81.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff suffered, and continues to suffer, emotional distress for which she is entitled to an award of damages and attorneys' fees.

82.     By reason of the foregoing, Plaintiff seeks compensatory damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107, *et seq.*

83.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

84.     Defendants' disparate and discriminatory treatment of Plaintiff on the basis of her race was in violation of the New York City Administrative Code 8-107, *et seq.*

85.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of New York City Administrative Code 8-107, *et seq.*, Plaintiff suffered and

continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

86.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of New York City Administrative Code 8-107, *et seq.*, Plaintiff suffered and continues to suffer emotional distress for which she is entitled to an award of damages and attorneys' fees.

87.     Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff under NYSHRL for which she is entitled to an award of punitive damages and attorneys' fees.

88.     By reason of the foregoing, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.*

89.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as full set forth at length herein.

90.     Defendants' disparate and discriminatory treatment of Plaintiff is in part on the basis of her national origin in violation of Title VII of the Civil Rights Act of 1964  ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*

91.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff suffered, and continues to suffer, monetary and/or economic harm including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of compensatory damages and attorneys' fees.

92.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

93.     Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff under Title VII for which she is entitled to an award of punitive damages and attorneys' fees.

By reason of the foregoing, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR A NINTH CAUSE OF ACTION

## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296 *et seq*.

94.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as full set forth at length herein.

95.     Defendants discriminated against Plaintiff on the basis of national origin and subjected her to a sexually hostile work environment in violation of NYSHRL.

96.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to award of compensatory damages and attorneys' fees.

97.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff suffered, and continues to suffer, emotional distress for which she is entitled to an award of damages and attorneys' fees.

98.     By reason of the foregoing, Plaintiff seeks compensatory damages, attorneys' fees, the costs of this action, as well as other damages.

14

## AS AND FOR A TENTH CAUSE OF ACTION

### NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107, *et seq.*

99.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

100.    Defendants' disparate and discriminatory treatment of Plaintiff on the basis of her national origin was in violation of the New York City Administrative Code 8-107, *et seq*.

101.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of New York City Administrative Code 8-107, *et seq.*, Plaintiff suffered and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

102.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of New York City Administrative Code 8-107, *et seq.*, Plaintiff suffered and continues to suffer, emotional distress for which she is entitled to an award of damages and attorneys' fees.

103.    Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff under New York City Administrative Code 8-107, *et seq.,* for which she is entitled to an award of punitive damages and attorneys' fees.

104.    By reason of the foregoing, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

**GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq*.**

105.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

106.    Defendants' disparate and discriminatory treatment of Plaintiff on the basis of her gender is in violation of  Title VII of the Civil Rights Act of 1964  ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.

107.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff suffered, and continues to suffer, monetary and/or economic harm including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of compensatory damages and attorneys' fees.

108.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

109.    Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff under Title VII for which she is entitled to an award of punitive damages and attorneys' fees.

110.    By reason of the foregoing, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR A TWELFTH CAUSE OF ACTION

### GENDER DISCRIMINATION IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296 *et seq.*

111.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

112.    Defendants discriminated against Plaintiff on the basis of gender and subjected her to a sexually hostile work environment in violation of NYSHRL.

113.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to award of compensatory damages and attorneys' fees.

114.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff suffered, and continues to suffer, emotional distress for which she is entitled to an award of damages and attorneys' fees.

115.    By reason of the foregoing, Plaintiff seeks compensatory damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

### GENDER DISCRIMINATION IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107, *et seq.*

116.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as full set forth at length herein.

117.    Defendants' disparate and discriminatory treatment of Plaintiff on the basis of her gender was in violation of the New York City Administrative Code 8-107, *et seq.*

118.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of New York City Administrative Code 8-107, *et seq.*, Plaintiff suffered and

continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

119.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of New York City Administrative Code 8-107, *et seq.*, Plaintiff suffered and continues to suffer, emotional distress for which she is entitled to an award of damages and attorneys' fees.

120.    Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff under New York City Administrative Code 8-107, *et seq.* for which she is entitled to an award of punitive damages and attorneys' fees.

121.    By reason of the foregoing, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

### VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (MONELL CLAIM)

122.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

123.    Defendant City of New York had a duty to adequately train, supervise, and discipline their police commissioner and first deputy police commissioner in order to protect members of the public, including Plaintiff, from being harmed unnecessarily.

124.    Said Defendant was deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**

**DEPRIVATION OF RIGHTS UNDER 42 U.S.C § 1983**

125.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

126.    All of the aforementioned acts of Defendants and their agents, servants, and employees were being carried out under the color of state law.

127.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority which is forbidden by the Constitution of the United States of America.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

128.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as full set forth at length herein.

129.    Based on the foregoing, all Defendants are liable to Plaintiff for intentional infliction of emotional distress.

130.    By reason of the aforesaid, Plaintiff has been damaged and seeks all damages to which she is entitled in an amount that exceeds the jurisdictional limits of all lower courts, including punitive damages and attorneys' fees.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**

**PUNITIVE DAMAGES**

131.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as if set forth at length herein.

132.    By reason if the foregoing, plaintiff is entitled to punitive damages against the defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of the action.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court grant judgment to her containing the following relief, jointly and severally, against Defendants:

a.    An award to Plaintiff of double her actual damages in an amount to be determined at trial as liquidated damages under 29 U.S.C. § 626(b);

b.    An award to Plaintiff of the costs of this action, together with her reasonable attorneys' fees; and

c.    On Plaintiff's FIRST THIRTEEN Causes of Action, an award for past and future lost income, including all applicable fringe benefits, for a period of at least three years and four months after the date of discharge in an amount that cannot be accurately determined at this time, but estimated to exceed $350,000.00;

d.    On Plaintiff's FOURTEENTH AND FIFTEENTH Causes of Action, an award to Plaintiff of her actual damages in an amount to be determined at trial;

e.    On Plaintiff's SIXTEENTH AND SEVENTEENTH Causes of Action, an award to Plaintiff of her actual damages in an amount to be determined by a jury;

f.    Such other and further relief that this Court finds just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial of all claims stated herein.

Dated: New York, NY
       July 26, 2019

                                      /s/ John W. Moscow

                                    John W. Moscow
                                    LEWIS BAACH KAUFMANN
                                    MIDDLEMISS, PLLC
                                    The Chrysler Building
                                    405 Lexington Avenue, 62nd Floor
                                    New York, NY 10174
                                    T: (212) 826-7001
                                    F: (212) 826-7146
                                    john.moscow@lbkmlaw.com

                                    *Attorney for Plaintiff*