UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOANNE JAFFE,

                                    Plaintiff,

      -against-

CITY OF NEW YORK, MAYOR BILL DE BLASIO, and POLICE COMMISSIONER JAMES O'NEILL,

                                Defendants.

**ANSWER TO THE SECOND AMENDED COMPLAINT**

19 CV 7024 (LAP)

------------------------------------------------------------------------x

        Defendants, City of New York, Mayor Bill de Blasio, and Police Commissioner James O'Neill ("Defendants"), by their attorney, **HON. SYLVIA O. HINDS-RADIX**, Corporation Counsel of the City of New York, as and for their answer to the Second Amended Complaint ("Complaint"), respectfully allege as follows:

        1.    Deny the allegations set forth in Paragraph "1" of the Complaint, except admit that plaintiff was employed by the New York City Police Department ("NYPD") for approximately 38 years.

        2.    Deny the allegations set forth in Paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        3.    Deny the allegations set forth in Paragraph "3" of the Complaint except, admit that plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the *amicus curiae* brief filed by the City of New York in *Chauca v. Abraham*, 30 N.Y. 3d 325 (2017) for a true and accurate statement of its contents.

        4.    Deny the allegations set forth in Paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in Paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in Paragraph "6" of the Complaint, except admit that plaintiff purports that the venue is proper.

7. Deny the allegations set forth in Paragraph "7" of the Complaint, except admit that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that a Dismissal and Notice of Rights was mailed by the EEOC on April 29, 2019.

8. Deny the allegations set forth in Paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and respectfully refer the Court to the federal, state, and city discrimination laws for a true and accurate statement of their contents.

9. Deny the allegations set forth in Paragraph "9" of the Complaint, except admit that Defendant Bill de Blasio ("de Blasio") was the Mayor of the City of New York from January 1, 2014 through December 31, 2021, that he ran for President of the United States, that plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the New York City Charter and to the federal, state, and city discrimination laws for a true and accurate statement of their contents.

10. Deny the allegations set forth in Paragraph "10" of the Complaint, except admit that Defendant James O'Neill ("O'Neill") was employed by the City of New York, most recently as the Commissioner of the NYPD, that he was plaintiff's superior and had the power to make certain personnel decisions, that plaintiff purports to proceed as set forth therein, and

respectfully refer the Court to the New York City Charter and to the federal, state, and city discrimination laws for a true and accurate statement of their contents.

11. Deny the allegations set forth in Paragraph "11" of the Complaint, except admit that plaintiff was employed by the City of New York at the NYPD from 1979 to 2018, that plaintiff self-identifies as a White, Jewish-American woman who represents that she resides in Forest Hills, New York, and that plaintiff retired after she was asked to vacate her position as Chief of Community Affairs.

12. Deny the allegations set forth in Paragraph "12" of the Complaint, except admit that from 1979 to 2018 plaintiff was an employee of the City of New York within the meaning of Title VII, and respectfully refer the Court to Title VII of the Civil rights Act of 1964 for a true and accurate statement of its protections.

13. Deny the allegations set forth in Paragraph "13" of the Complaint, except admit that from 1979 to 2018 plaintiff was an employee of the City of New York within the meaning of the Age Discrimination and Employment Act ("ADEA") of 29 U.S.C. § 621 et seq., that plaintiff is over the age of 40 years, and respectfully refer the Court to the ADEA for a true and accurate statement of its protections.

14. Deny the allegations set forth in Paragraph "14" of the Complaint, except admit that from 1979 to 2018 plaintiff was an employee of the City of New York within the meaning of Title VII and the ADEA, and respectfully refer the Court to Title VII and the ADEA for a true and accurate statement of their protections.

15. Deny the allegations set forth in Paragraph "15" of the Complaint, except admit that the NYPD is a huge hierarchical organization with approximately 55,000 employees, that in or about 2018, there were thirteen three-star chiefs and one four-star chief, that promotion

to the ranks of captain and below are by civil service examination, and that promotion above the rank of captain is discretionary.

16. Deny the allegations set forth in Paragraph "16" of the Complaint, except admit that plaintiff joined the NYPD in 1979 as a police officer, and held the position of Chief of Community Affairs until her retirement in 2018.

17. Deny the allegations set forth in Paragraph "17" of the Complaint, except admit that plaintiff held the positions as set forth therein.

18. Deny the allegations set forth in Paragraph "18" of the Complaint, except admit that plaintiff held the ranks as set forth therein.

19. Deny the allegations set forth in Paragraph "19" of the Complaint, except admit that plaintiff held the position of Patrol Borough Commander for the Bronx, and that as the Patrol Borough Commander for the Bronx, plaintiff oversaw every precinct in the Bronx.

20. Admit the allegations set forth in Paragraph "20" of the Complaint.

21. Deny the allegations set forth in Paragraph "21" of the Complaint, except admit that the Housing Bureau is responsible for the safety of the residents, employees, and visitors in New York City housing developments.

22. Deny the allegations set forth in Paragraph "22" of the Complaint, except admit that the only uniformed rank higher than three stars is the four-star chief of department.

23. Deny the allegations set forth in Paragraph "23" of the Complaint, except admit that plaintiff was a three-star chief in 2018.

24. Deny the allegations set forth in Paragraph "24" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that

plaintiff was "active in the law enforcement community in advancing the role of women," and admit that plaintiff worked with Defendant O'Neill.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint, except admit that on January 8, 2018, plaintiff had not reached the NYPD's mandatory retirement age.

26. Deny the allegations set forth in Paragraph "26" of the Complaint, except admit that then-Chief of Department Carlos Gomez ("Gomez") testified at his deposition that he informed Defendant O'Neill of his intention to retire, and respectfully refer the Court to the deposition testimony of Carlos Gomez, taken on November 1, 2021.

27. Deny the allegations set forth in Paragraph "27" of the Complaint, except admit that at the time of his retirement, Gomez was the only four-star chief in the NYPD, and that as a result of his retirement, there was a need to fill his vacancy.

28. Admit the allegations set forth in Paragraph "28" of the Complaint.

29. Deny the allegations set forth in Paragraph "29" of the Complaint, but admit that is customary for the Police Commissioner to designate the Chief of Department.

30. Deny the allegations set forth in Paragraph "30" of the Complaint.

31. Deny the allegations set forth in Paragraph "31" of the Complaint.

32. Deny the allegations set forth in Paragraph "32" of the Complaint.

33. Deny the allegations set forth in Paragraph "33" of the Complaint.

34. Deny the allegations set forth in Paragraph "34" of the Complaint, and respectfully refer the Court to the emails cited therein for a true and accurate statement of their contents.

- 6 -

35. Deny the allegations set forth in Paragraph "35" of the Complaint, and respectfully refer the Court to the emails cited therein for a true and accurate statement of their contents.

36. Deny the allegations set forth in Paragraph "36" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff intended to work for the NYPD until her mandatory retirement age, and admit that plaintiff met with Defendant O'Neill and then-NYPD First Deputy Commissioner Benjamin Tucker ("Tucker").

37. Deny the allegations set forth in Paragraph "37" of the Complaint.

38. Deny the allegations set forth in Paragraph "38" of the Complaint, except admit that Benjamin Tucker held the position of First Deputy Commissioner at the NYPD, and that he began his employment with the NYPD in 1969.

39. Deny the allegations set forth in Paragraph "39" of the Complaint, and respectfully refer the Court to Section 13-426 of the New York City Administrative Code for a true and accurate statement of its contents.

40. Deny the allegations set forth in Paragraph "40" of the Complaint.

41. Deny the allegations set forth in Paragraph "41" of the Complaint.

42. Deny the allegations set forth in Paragraph "42" of the Complaint.

43. Deny the allegations set forth in Paragraph "43" of the Complaint.

44. Deny the allegations set forth in Paragraph "44" of the Complaint.

45. Deny the allegations set forth in Paragraph "45" of the Complaint.

46. Deny the allegations set forth in Paragraph "46" of the Complaint, and respectfully refer the Court to the cited email for a true and accurate statement of its contents.

47. Deny the allegations set forth in Paragraph "47" of the Complaint.

48. Deny the allegations set forth in Paragraph "48" of the Complaint, except admit that the promotions were announced, and respectfully refer the Court to the cited email conversations for a true and accurate statement of their contents.

49. Deny the allegations set forth in Paragraph "49" of the Complaint.

50. Deny the allegations set forth in Paragraph "50" of the Complaint.

51. Deny the allegations set forth in Paragraph "51" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff "was outspoken about racism and sexism within the NYPD."

52. Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in Paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in Paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in Paragraph "54" of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in Paragraph "55" of the Complaint.

56. Deny the allegations set forth in Paragraph "56" of the Complaint.

57. Deny the allegations set forth in Paragraph "57" of the Complaint.

58. Deny the allegations set forth in Paragraph "58" of the Complaint.

59. Deny the allegations set forth in Paragraph "59" of the Complaint.

60. Deny the allegations set forth in Paragraph "60" of the Complaint.

61. Deny the allegations set forth in Paragraph "61" of the Complaint.

62. Deny the allegations set forth in Paragraph "62" of the Complaint, and respectfully refer the Court to the cited press release for a true and accurate statement of its contents.

63. Deny the allegations set forth in Paragraph "63" of the Complaint.

64. Deny the allegations set forth in Paragraph "64" of the Complaint.

65. Deny the allegations set forth in Paragraph "65" of the Complaint.

66. Deny the allegations set forth in Paragraph "66" of the Complaint.

67. Deny the allegations set forth in Paragraph "67" of the Complaint, and respectfully refer the Court to the *amicus curiae* brief filed by the City of New York, as well as the Court of Appeals decision, in *Chauca v. Abraham*, 30 N.Y. 3d 325 (2017) for a true and accurate statement of its contents.

68. Deny the allegations set forth in Paragraph "68" of the Complaint, and respectfully refer the Court to the *amicus curiae* brief filed by the City of New York, as well as the Court of Appeals decision, in *Chauca v. Abraham*, 30 N.Y. 3d 325 (2017) for a true and accurate statement of its contents.

69. Deny the allegations set forth in Paragraph "69" of the Complaint.

70. Deny the allegations set forth in Paragraph "70" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

71. Deny the allegations set forth in Paragraph "71" of the Complaint.

72. Deny the allegations set forth in Paragraph "72" of the Complaint.

73. Deny the allegations set forth in Paragraph "73" of the Complaint.

74. In response to paragraph "74" of Complaint Defendants repeat and re-allege their responses to Paragraphs "1" through "73" of the Complaint, as if fully set forth here.

75. Deny the allegations set forth in Paragraph "75" of the Complaint.

76. Deny the allegations set forth in Paragraph "76" of the Complaint.

77. Deny the allegations set forth in Paragraph "77" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

78. In response to paragraph "78" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "77" of the Complaint, as if fully set forth here.

79. Deny the allegations set forth in Paragraph "79" of the Complaint.

80. Deny the allegations set forth in Paragraph "80" of the Complaint.

81. Deny the allegations set forth in Paragraph "81" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

82. In response to paragraph "82" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "81" of the Complaint, as if fully set forth here.

83. Deny the allegations set forth in Paragraph "83" of the Complaint.

84. Deny the allegations set forth in Paragraph "84" of the Complaint.

85. Deny the allegations set forth in Paragraph "85" of the Complaint.

86. Deny the allegations set forth in Paragraph "86" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

87. Deny the allegations set forth in Paragraph "87" of the Complaint.

88. In response to paragraph "88" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "87" of the Complaint, as if fully set forth here.

89. Deny the allegations set forth in Paragraph "89" of the Complaint.

90. Deny the allegations set forth in Paragraph "90" of the Complaint.

91. Deny the allegations set forth in Paragraph "91" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

92. In response to paragraph "92" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "91" of the Complaint, as if fully set forth here.

93. Deny the allegations set forth in Paragraph "93" of the Complaint.

94. Deny the allegations set forth in Paragraph "94" of the Complaint.

95. Deny the allegations set forth in Paragraph "95" of the Complaint.

96. Deny the allegations set forth in Paragraph "96" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

97. In response to paragraph "97" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "96" of the Complaint, as if fully set forth here.

98. Deny the allegations set forth in Paragraph "98" of the Complaint.

99. Deny the allegations set forth in Paragraph "99" of the Complaint.

100. Deny the allegations set forth in Paragraph "100" of the Complaint.

101. Deny the allegations set forth in Paragraph "101" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

102. Deny the allegations set forth in Paragraph "102" of the Complaint.

103. In response to paragraph "103" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "102" of the Complaint, as if fully set forth here.

104. Deny the allegations set forth in Paragraph "104" of the Complaint.

105. Deny the allegations set forth in Paragraph "105" of the Complaint.

106. Deny the allegations set forth in Paragraph "106" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

107. In response to paragraph "107" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "106" of the Complaint, as if fully set forth here.

108. Deny the allegations set forth in Paragraph "108" of the Complaint.

109. Deny the allegations set forth in Paragraph "109" of the Complaint.

110. Deny the allegations set forth in Paragraph "110" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

111. In response to paragraph "111" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "110" of the Complaint, as if fully set forth here.

112. Deny the allegations set forth in Paragraph "112" of the Complaint.

113. Deny the allegations set forth in Paragraph "113" of the Complaint.

114. Deny the allegations set forth in Paragraph "114" of the Complaint.

115. Deny the allegations set forth in Paragraph "115" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

116. Deny the allegations set forth in Paragraph "116" of the Complaint.

117. In response to paragraph "117" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "116" of the Complaint, as if fully set forth here.

118. Deny the allegations set forth in Paragraph "118" of the Complaint.

119. Deny the allegations set forth in Paragraph "119" of the Complaint.

120. Deny the allegations set forth in Paragraph "120" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

121. .In response to paragraph "121" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "120" of the Complaint, as if fully set forth here.

122. Deny the allegations set forth in Paragraph "122" of the Complaint.

123. Deny the allegations set forth in Paragraph "123" of the Complaint.

124. Deny the allegations set forth in Paragraph "124" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

125. In response to paragraph "125" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "124" of the Complaint, as if fully set forth here.

126. Deny the allegations set forth in Paragraph "126" of the Complaint.

127. Deny the allegations set forth in Paragraph "127" of the Complaint.

128. Deny the allegations set forth in Paragraph "128" of the Complaint.

129. Deny the allegations set forth in Paragraph "129" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

130. Deny the allegations set forth in Paragraph "130" of the Complaint.

131. In response to paragraph "131" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "130" of the Complaint, as if fully set forth here.

132. Deny the allegations set forth in Paragraph "132" of the Complaint.

133. Deny the allegations set forth in Paragraph "133" of the Complaint.

134. Deny the allegations set forth in Paragraph "134" of the Complaint.

135. Deny the allegations set forth in Paragraph "135" of the Complaint.

136. Deny the allegations set forth in Paragraph "136" of the Complaint.

137. Deny the allegations set forth in Paragraph "137" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

138. In response to paragraph "138" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "137" of the Complaint, as if fully set forth here.

139. Deny the allegations set forth in Paragraph "139" of the Complaint.

140. Deny the allegations set forth in Paragraph "140" of the Complaint.

141. Deny the allegations set forth in Paragraph "141" of the Complaint.

142. Deny the allegations set forth in Paragraph "142" of the Complaint, except admit that the plaintiff purports to proceed as set forth therein.

143. In response to paragraph "143" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "142" of the Complaint, as if fully set forth here.

144. Deny the allegations set forth in Paragraph "144" of the Complaint, and respectfully refer the Court to the citation referenced therein for a true and accurate statement of its contents.

145. Deny the allegations set forth in Paragraph "145" of the Complaint.

146. Deny the allegations set forth in Paragraph "146" of the Complaint.

147. Deny the allegations set forth in Paragraph "147" of the Complaint.

148. Deny the allegations set forth in Paragraph "148" of the Complaint.

149. In response to paragraph "149" of Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "148" of the Complaint, as if fully set forth here.

150. Deny the allegations set forth in Paragraph "150" of the Complaint.

151. Deny the allegations set forth in Paragraph "151" of the Complaint.

**AS AND FOR A FIRST DEFENSE**

152. The Complaint fails to state any claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

153. The Complaint may be barred, in whole or in part, by the applicable statute(s) of limitations.

**AS AND FOR A THIRD DEFENSE**

154. At all times relevant to the Complaint, Defendants' actions were reasonable, proper, lawful, constitutional, and taken in good faith and without malice, and in accord with the Constitution and all applicable laws, bylaws, rules, and regulations of the United States and the State and City of New York.

### AS AND FOR A FOURTH DEFENSE

155. Defendants had legitimate, non-retaliatory, non-discriminatory businesses reasons for all actions taken concerning Plaintiff. The actions taken would have been taken regardless of any alleged protected status.

### AS AND FOR A FIFTH DEFENSE

156. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A SIXTH DEFENSE

157. Any damages sustained by Plaintiff were caused by her own negligence or otherwise culpable conduct.

### AS AND FOR A SEVENTH DEFENSE

158. Subject to disclosure, plaintiff has failed to mitigate her damages, if any.

### AS AND FOR AN EIGHTH DEFENSE

159. Defendants would have taken the same actions with respect to plaintiff regardless of plaintiff's alleged complaints.

### AS AND FOR AN NINTH DEFENSE

160. The individual defendants are shielded from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, judicial immunity, or any combination of these doctrines.

### AS AND FOR AN TENTH DEFENSE

161. No punitive damages are available because the individual defendants' conduct lacked willfulness or wanton negligence, or recklessness, or a "conscious disregard of the rights of others or conduct so reckless as to amount to such disregard."

### AS AN FOR AN ELEVENTH DEFENSE

162. Defendant City of New York has not adopted any policy, practice or custom violative of plaintiff's rights.

## **CONCLUSION**

**WHEREFORE,** defendants respectfully request that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 25, 2022

                                            HON. SYLVIA O. HINDS-RADIX
                                            Corporation Counsel of the
                                            City of New York
                                            Attorney for Defendants
                                            100 Church Street, Room 2-124
                                            New York, N.Y. 10007-2601
                                            212-356-2461

                                            By:    [ECF]           /s/
                                                    Donna A. Canfield
                                              Assistant Corporation Counsel


To:   LEWIS BAACH KAUFMAN MIDDLEMISS, PLLC
      Attorney(s) for Plaintiff
      The Chrysler Building
      405 Lexington Ave., 62 Floor
      New York, New York 10174
      Att:   John W. Moscow

19 CV 7024 (LAP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANNE JAFFE,

                                                  Plaintiff,

-against-

CITY OF NEW YORK, MAYOR BILL DE BLASIO, and POLICE COMMISSIONER JAMES O'NEILL,

                                                  Defendants

**ANSWER TO THE SECOND AMENDED COMPLAINT**

SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-124
New York, New York  10007-2601

Of Counsel:  Donna A. Canfield
Tel.:  212-356-2461

LM No.: 2019-051011

*Service of which is hereby acknowledged:*

...................................., N.Y.  Dated:  ...............................

Signed:  ............................................................................

Print Name:  .....................................................................

Attorney for:  ....................................................................