

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007-2601

**LAWRENCE J. PROFETA**
Labor and Employment Law Division
Room 2-118
Telephone: (212) 356-2630
Email: lprofeta@law.nyc.gov

May 24, 2023

Via ECF

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:  Jaffe v. City of New York, et al., 19-Civ-07024 (LAP)

Dear Judge Preska:

    I write in response to the May 19, 2023 letter from plaintiff's counsel to the Court. As demonstrated more fully below, there is only one issue that will require the assistance of the Court as to which the parties are apparently at an impasse. I will address this issue first and then respond to the inaccurate statements in the balance of plaintiff's counsel's letter.

**The Dispute Arising from Plaintiff's Counsel's apparent belief that he can take an unlimited number of depositions in this Single Plaintiff Case**

    In his May 19, 2023 letter to the Court, plaintiff's counsel dramatically claims that "Defendants are stonewalling the depositions of key nonparty witnesses they control." (See Jan. 25 ltr at pp. 2-3). This is not true, and plaintiff's counsel has mischaracterized the issue and our discussions.

    Plaintiff has already taken ten depositions. We have offered June 8, 2023 for plaintiff to complete the deposition of defendant James O'Neill (who was deposed for over four hours in early August 2022), and we have offered June 15, 2023 for the deposition of defendant Bill de Blasio. The de Blasio deposition would be the 11th deposition taken in this one plaintiff case, and plaintiff also wants to depose Former Deputy Mayor Dean Fuleihan, Chirlane McCray and former Chief of Staff Emma Wolfe.

    Even though the number of depositions taken by plaintiff would then reach 14, I told plaintiff's counsel that we would work with him in scheduling these depositions provided we received an assurance that this would be it and plaintiff would not seek any additional

depositions. Plaintiff's counsel responded that he could not give me any such assurance and wants to reserve his rights to take even more depositions in light of what he "might find out." Plaintiff's counsel's position is particularly unreasonable in light of the fact that this case is far along, thousands of documents and emails have been produced, plaintiff has been deposed and plaintiff has already taken ten depositions.

Now that plaintiff's counsel decided to raise this issue with the Court, I have researched the issue and now realize that defendants have been too accommodating. For the reasons set forth below, plaintiff should be limited to twelve depositions.

The federal rules set a presumptive limit of ten depositions per side. See Fed. R. Civ. P. 30(a)(2)(A). The purpose of Rule 30(a)(2)(A) is to "enable the courts to maintain a tighter rein on the extent of discovery and minimize the potential cost of wide-ranging discovery." Castro v. City of N.Y., 11-cv-7856 (DAB) (HBP), 2014 U.S. Dist. LEXIS 60224, at *8 (S.D.N.Y. Apr. 30, 2014) (citation and quotations omitted); see also Sigala v. Spikouris, 00-cv-0983 (ILG), 2002 U.S. Dist. LEXIS 10743, at *13 (E.D.N.Y. Mar. 7, 2002).

A party seeking leave to take additional depositions must demonstrate that exceeding the statutory limit is necessary and not cumulative, repetitive, or burdensome. See, e.g., Powers v. Mem'l Sloan Kettering Cancer Ctr., 20-cv-2625 (LGS), 2020 U.S. Dist. LEXIS 187204, at *6 (S.D.N.Y. Oct. 8, 2020) (denying motion where plaintiff failed to demonstrate that additional depositions would not be cumulative); see also Borsack v. Ford Motor, 04-cv-3255 (RCC) (MHD), 2006 U.S. Dist. LEXIS 40164, at *4 (S.D.N.Y. June 14, 2006) (denying motion where plaintiff failed to explain why he needed to exceed the presumptive ten-deposition limit). The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual. Castro, 2014 U.S. Dist. LEXIS 60224, at *8. The purpose of the limitation in the rule is to force counsel to "think long and hard about who they want to depose and to depose only those who are really important so as to stay within the limit set by the rule." Oliver v. NYS Police, 15-cv-0444 (BKS/DJS), 2018 U.S. Dist. LEXIS 242604, at **3-4 (N.D.N.Y. 2018), quoting In re Weatherford Int'l Sec. Litig., 11 Civ. 1646 (LAK) (JCF), 2013 U.S. Dist. LEXIS 153011, at *11 (S.D.N.Y. Oct. 24, 2013). The Court should not grant leave to exceed the limit of ten depositions except on a showing of need. S.F. Health Plan v. McKesson Corp., 264 F.R.D. 20, 21 (D. Mass. 2010) (striking a balance by requiring, as a deterrent, that the party seeking the depositions pay the reasonable costs, including attorneys' fees, incurred by the opposing party for additional depositions).

This is a one plaintiff case regarding a discrete event -- plaintiff is contending that the decision to ask for her retirement (and the retirements of three other high level NYPD chiefs) in early January 2018 was due to discrimination. Plaintiff apparently claims that defendant de Blasio directed the decision by the then NYPD Police Commissioner (defendant O'Neill) to replace plaintiff and the three other three star chiefs in early January 2018. We have already

offered a date for plaintiff to depose Mr. de Blasio.[1] Plaintiff's purported need to also depose de Blasio's former Deputy Mayor (Dean Fuleihan), former Chief of Staff (Emma Wolfe) and his spouse (Chirlane McCray) on the very same topic is patently excessive and duplicative. At this point, the Court should limit plaintiff to no more than twelve depositions in this case.

**Defendants Have Produced Every Responsive Document**
**Belonging to Defendant James O'Neill**

Plaintiff's Counsel starts off his May 19 letter announcing his intention to reserve his right to seek sanctions because he obtained through some other source "the James O'Neill report on the NYPD for 2017." May 19 ltr. at p.1. The federal rules and common professional courtesy require that attorneys make a good faith attempt to resolve discovery disputes before running to Court. This is the first I am hearing from plaintiff's counsel about this "report," and, quite frankly, I have no idea what plaintiff's counsel is talking about. It would be helpful if plaintiff's counsel had provided some information about this report or actually identified it instead of making some vague reference about it being about "the NYPD for 2017." This should not be a game of gotcha.

The one thing plaintiff's counsel is correct about is that we did not produce defendant O'Neill's work calendar until February 1, 2023, even though it had been previously requested. Plaintiff's counsel may try to make much of this, but the fact is that plaintiff had her own work calendar which she did not produce until **mid-March 2023**, even though it was responsive to discovery requests defendants had made very early in this case -- and was not produced until *after* we had deposed plaintiff. In other words, plaintiff is not in a position to throw stones.

Plaintiff's counsel also refers to red appointment books that were kept in Mr. O'Neill's office. As noted in plaintiff's counsel's May 19 letter (at p. 2), I have promised to provide redacted copies by the end of this week – and I will be doing so for the period December 1, 2017-January 15, 2018, which is the time period set forth in plaintiff's May 19 letter.

**Defendants Have Produced Responsive City Hall Records and We**
**Are following up to Ensure that all Responsive Records have been Produced**

Plaintiff's counsel broadly asserts that defendants have not produced responsive records from City Hall regarding defendant de Blasio and former First Deputy Mayor Dean Fuleihan, and that "The City has also declined to produce records of de Blasio's Chief of Staff Emma Wolfe and First Lady Chirlane McCray." May 19 ltr at p. 2. These assertions are not true.

Prior to our involvement in this case, defendants produced a substantial number of emails that were obtained from City Hall and the email accounts of de Blasio, Fuleihan, McCray and

---

[1] Plaintiff's counsel's assertion that he "already had to cancel the deposition we had noticed for Bill de Blasio on May 9, 2023" is simply untrue. May 19 ltr at p, 3. Plaintiff's counsel unilaterally selected a date for the de Blasio deposition in his notice. After I received the notice, I had several conversations with plaintiff's counsel in which I advised him that I would contact Mr. de Blasio and try to work out a date convenient for everyone concerned – which is standard practice. After consulting with Mr. de Blasio, we offered June 15 – which is the first and only date we have discussed with plaintiff's counsel. No prior date had been agreed upon, and any statement that the de Blasio deposition had previously been canceled is untrue.

- 3 -

Wolfe were searched, and responsive emails were produced. After Mr. Arko and I took over the defense of this case, we worked out additional search terms with plaintiff's counsel and searched the personal email accounts of Ms. McCray and Ms. Wolfe and produced any responsive emails.

I will not burden the record here, but will refer to my January 27, 2023 letter to the Court which detailed every step Mr. Arko and I have taken to address every "issue" plaintiff's counsel has raised with us. ECF No. 132. We have re-run ediscovery searches, searched for and obtained documents plaintiff's counsel said were due and owing, and most recently, obtained the original Spinella notebooks from the Court so that plaintiff's counsel could accomplish his professed need to look at the original unredacted pages of the Spinella notebooks.

Plaintiff's counsel has now shifted gears and recently asked me if all responsive documents had been produced with respect to de Blasio, Fuleihan, McCray and Wolfe. Even though this had never been raised with us before, I told plaintiff's counsel that I would take any steps I can to follow up and make sure that the responsive documents have been produced. I agreed to do this not because searches had not already been done but because we have made every effort to address any concerns plaintiff's counsel has raised about discovery. Entirely consistent with this approach, I agreed to again search for responsive City Hall records, specifically pertaining to de Blasio, Wolfe, Fuleihan and McCray. My attempt to address plaintiff's counsel's recently raised concern is now being held against me.

I have subsequently worked with the Office of the Counsel to the Mayor to search for responsive documents. To the extent there are hard copies of documents from the prior administration, those boxes at City Hall were searched and no responsive documents were located. I have been advised that other records are available electronically, and we are in the process of having searches run through these records. If any responsive documents are located and hadn't been previously produced, we will produce them.

Plaintiff's counsel will undoubtedly then complain about the "delay" in production, but once again, he is no position to complain. When plaintiff finally purportedly completed her document production (which was incomplete), she produced a small number of selected text messages. When I followed up at her deposition in January 2023 about the balance of the texts and context of the related conversations, plaintiff's counsel subsequently flatly refused to consider producing any additional texts. Within the last few days, plaintiff's counsel relented to a certain extent and indicated that he would consider an additional production using search terms we will have to work out. Now that I have finished this letter, I will work with plaintiff's counsel on the search terms, and at some point, we will receive the balance of the responsive texts from plaintiff's cell phone(s).

In sum, there is only one actual issue presented to the Court as a result of plaintiff's counsel's May 19, 2023 letter to the Court. The parties clearly need direction from the Court about the number of depositions plaintiff can take in this case (after having already taken ten depositions, and defendants having consented to an eleventh).

Respectfully,

Lawrence J. Profeta<br>
Assistant Corporation Counsel

cc. Plaintiff's counsel (via ECF)