# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE JAFFE,<br><br>              Plaintiff,<br><br>   against<br><br>CITY OF NEW YORK, POLICE COMMISSIONER JAMES O'NEILL, and FIRST DEPUTY POLICE COMMISSIONER BENJAMIN TUCKER,<br><br>              Defendants. | Case No. 19-cv-07024<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

**PLEASE TAKE NOTICE THAT** pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.2, 26.3, 33.1 and 33.3 of the Local Rules of this Court Plaintiff Joanne Jaffe (hereinafter Jaffe) by and through her attorneys, LEWIS BAACH KAUFMANN MIDDLEMISS PLLC and LA PIETRA & KRIEGER requests that Defendants City of New York, Police Commissioner James O'Neill, and First Deputy Police Commissioner Benjamin Tucker answer in writing, the following interrogatories within thirty (30) days.

## DEFINITIONS AND INSTRUCTIONS

Each interrogatory shall be answered separately and fully in writing and under oath, unless it is objected to, in which event the reasons for objections shall be stated in lieu of an answer. If you cannot answer an interrogatory or sub-section of an interrogatory that requires an answer in more than one part, the parts should be separated in the answer so that each is clearly understandable. If you cannot answer an

1

interrogatory or sub-part of an interrogatory in full, after exercising due diligence to secure the information to do so, please state this affirmatively. answer every other interrogatory and sub-part or subsection.

Unless otherwise specified, the terms used in these Interrogatories shall have the following meanings:

1.  "Jaffe" refers to Plaintiff Joanne Jaffe.

2.  "O'Neill" refers to Defendant Police Commissioner James O'Neill and "Tucker" refers to Defendant First Deputy Police Commissioner Benjamin Tucker.

3.  "You" or City refers to Defendant City of New York, its officers, employees and agents.

4.  The term "document" means any electronic data, written, printed, typed, drawn, punched, taped, filmed, recorded or graphic matter, including drafts, which is or was in your possession, custody or control, or known by you to exist, including, but not limited to, any account, record, book, pamphlet, brochure, catalog, periodical, publication, advertisement, schedule, list, manual, letter, correspondence, telephone record, memorandum, contract, ticket, log, computer record, e-mail bulletin, study, survey, call report, sales letter, chart, graph, index, data sheet, inter-and intra-company communication, report, plan, work sheet, note, bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, photograph, tape recording, video tape or other form of data compilation.  This definition includes all

documents for which privilege is claimed.  If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any other modification, each such non-identical copy is a separate document within the meaning of this definition.

5.   "Communication" means any transfer or exchange between two or more persons of any information whether by written or oral means, including, but not limited to, personal conversations, correspondence, telephone calls, e-mails, and text messages.  This definition includes all communications for which you claim privilege.

6.   "Identify" and "state the identity of" mean:

 a.   When used with reference to a natural person, to state (i) the person's full name; (ii) his or her present or last known business address and telephone number; and (iii) his or her present or last known home address and telephone number.

 b.   When used with reference to an institution, organization, or business entity, to state: (i) the entity's legal name; and (ii) the location of its principal place of operation and main telephone number.

 c.   When used with reference to a document, whether or not that document is presently in existence, to either produce that document or state: (i) the identity of the person who signed it or over whose name it was issued; (ii) the date of the document or, if undated, the date it was created; (iii) the nature and substance of the document or writing with sufficient particularity to enable the document to be identified;

(iv) the identity of each person who created it or received an original or copy of it; (v) the present or last known location and custodian of the document of any copies; and (vi) if lost or destroyed, the date when lost or destroyed.

d.   When used with reference to a communication, to state: (i) the date when and place where it took place; (ii) the means of communication(*e.g.,* telephone, correspondence, personal conversation); (iii)the identity of the participants; and (iv) the substantive information communicated.

7.   "Date" means the exact day, month, and year if ascertainable, or, if not, your best approximation thereof.

8.   In the context of an Interrogatory or a response thereto, whenever necessary to bring within the scope of the Interrogatory information that would otherwise be excluded therefrom, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

9.   "And" and "or" shall be construed either disjunctively or conjunctively so as to require the inclusion of materials or information that would otherwise be excluded.

10.   If you object to any portion of an Interrogatory, provide all information called for by those portions of the Interrogatory to which you do not object. For those portions of any Interrogatory to which you object, state in detail the reason for such objection.  With respect to each document, or portion thereof, withheld from production, please state the nature of the document (*e.g.,* letter,

memorandum, computer printout, etc.) and the date of the document, identifying the persons who sent and received the original or a copy of the document, and state the subject matter of the document.

11.  If you cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

12.  Each Interrogatory not only calls for information known to plaintiff, but also calls for all information available to plaintiff through reasonable inquiry, including inquiry of plaintiff's representatives and agents.

13.  The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference, and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

14.  These discovery requests are of a continuing nature, so as to require supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

15.  The time period covered by these Interrogatories, unless indicated otherwise in a specific Interrogatory, is January 1, 2014 forward.

16.  In the event any information is withheld by you on the basis of any claim of privilege or of attorney work product, state in writing with respect to all such information withheld particulars sufficient to permit a determination of the validity of that claim, including: (a) the name and position of each individual who has knowledge of the information; (b) the subject matter of the information; and (c) the grounds for the claim of privilege or attorney work product.

<u>INTERROGATORIES</u>

<u>INTERROGATORY NO.      1.</u> Identify each person with whom Defendants O'Neill and Tucker exchanged, gave, or received information about the promotions and transfer of young, racially diverse people prior to Defendants' meeting with clients Jaffe and Pizzuti on January 8, 2018.

<u>INTERROGATORY NO.      2.</u> Identify each witness to (or person you believe possesses any knowledge of) (a) the allegations raised in the Complaint, (b) your Answer, or (c) any affirmative defenses you will allege or have alleged.

<u>INTERROGATORY NO.      2.a.</u> Please identify the name, position and business address of any individuals who provided information for and/or drafted the responses to each of Plaintiffs' interrogatories.

<u>INTERROGATORY NO.      3.</u> Identify all warnings, cautions, counseling, criticism, reprimands, adverse evaluations, adverse comments, or other adverse or critical comments, statements, or suggestions made or communicated to Jaffe, or made or communicated to any person respecting Jaffe, with respect to Jaffe's job performance, whether written or oral.  Identify all documents relating to your response to this interrogatory.

<u>INTERROGATORY NO.      4.</u> Identify all compliments, commendations, awards, raises, promotions, or other favorable or laudatory comments or statements made or communicated to Jaffe, or made or communicated to any person respecting Jaffe, with respect to Jaffe's job performance, whether written or oral.  Identify all documents relating to your response to this interrogatory.

<u>INTERROGATORY NO.      5.</u> Describe the qualifications, criteria and experience necessary for the position of NYPD Chief of Community Affairs, and

describe those qualifications, criteria and areas of experience which You, O'Neill, and Tucker believed Jaffe to be lacking when You terminated Jaffe from that position in January of 2018. Identify all documents which existed before January 18, 2018 and, separately, all those documents since then, relating to your response to this interrogatory.

INTERROGATORY NO.     6. Describe in detail all reasons that Jaffe's employment as NYPD Chief of Community Affairs was terminated.

INTERROGATORY NO.     7. Identify all individuals who participated in the decision to remove Jaffe as NYPD Chief of Community Affairs.

INTERROGATORY NO.     8. Identify all communications relating to the decision to remove Jaffe as NYPD Chief of Community Affairs.

INTERROGATORY NO.     9. State in detail each fact on which you base your denial in paragraph 20 of Defendants' Answer to paragraph 20 of Plaintiff's Complaint that on January 8 2018, Defendants O'Neill and Tucker met with Jaffe. State the place and time of the meeting whether anyone other than O'Neill and Tucker were present and whether and how this meeting was documented.

INTERROGATORY NO.     10. State in detail each fact on which you based your denial, in paragraph 34 of your Answer, in response to paragraph 34 of Jaffe's Complaint, that Hoffman's prior experience was limited to command of two precincts, the 25th and 23rd.

INTERROGATORY NO.     11. State in detail each fact on which you based your denial, in paragraph 35 of your Answer, in response to paragraph 35 of Jaffe's Complaint, that Jaffe has been outspoken about racism and sexism in the NYPD.

INTERROGATORY NO.     12. State in detail each fact on which you based your denial, in paragraph 37 of your Answer, in response to paragraph 37 of Jaffe's Complaint, that Jaffe created a mentorship program for newly promoted female sergeants.

INTERROGATORY NO.     13. State in detail each fact on which you based your denial, in paragraph 42 of your Answer, in response to paragraph 42 of Jaffe's Complaint, that all four of the Chiefs terminated by You, O'Neill, and Tucker were over the AGE OF 58 and WHITE.

INTERROGATORY NO.     14. State in detail each fact on which you based your denial, in paragraph 49 of your Answer, in response to paragraph 49 of Jaffe's Complaint.

INTERROGATORY NO.     15. State in detail each fact on which you based your denial, in paragraph 54 of your Answer, in response to paragraph 54 of Jaffe's Complaint.

INTERROGATORY NO.     16. Identify each person whom Defendants expect to call as an expert witness at trial and state the following for each:

      (a)      The subject matter on which the expert is expected to testify;

      (b)      The substance of the opinions and conclusions to which the expert is expected to testify;

      (c)      A summary of the grounds for each such opinion and conclusion; and

      (d)      Identify each expert's resume or curriculum vitae.

INTERROGATORY NO.     17. Identify each exhibit you propose to use at trial including any exhibit you intend to use or may use.

Dated: New York, NY and White Plains, NY
        February 26, 2020

                  Respectfully submitted,

                  /s/ John W. Moscow
                  John W. Moscow, Esq.
                  LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
                  The Chrysler Building
                  405 Lexington Avenue, 64th Floor
                  New York, NY 10174
                  (212) 826-7001

                  /s/ Louis C. La Pietra
                  Louis C. La Pietra, Esq.
                  LA PIETRA & KRIEGER
                  30 Glenn Street
                  White Plains, New York 10603
                  (914) 684-6000

                  *Counsel for Plaintiff*

To:     Donna A. Canfield
        New York City Law Department
        *Attorney for Defendants*
        100 Church Street
        New York, NY 10007
        (212) 356-2461
        Fax: (212) 356-2438
        Email: Dcanfiel@law.nyc.gov