# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE JAFFE,<br><br>                    Plaintiff,<br><br>     against<br><br>CITY OF NEW YORK, POLICE COMMISSIONER JAMES O'NEILL, and FIRST DEPUTY POLICE COMMISSIONER BENJAMIN TUCKER,<br><br>                    Defendants. | Case No. 19-cv-07024<br><br><br><br>**PLAINTIFF'S SECOND DEMAND FOR PRODUCTION OF DOCUMENTS** |

**PLEASE TAKE NOTICE THAT** pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court Plaintiff Joanne Jaffe (hereinafter Jaffe) by and through her attorneys, LEWIS BAACH KAUFMANN MIDDLEMISS PLLC and LA PIETRA & KRIEGER hereby demands that Defendants City of New York, Police Commissioner James O'Neill, and First Deputy Police Commissioner Benjamin Tucker serve upon the undersigned counsel responses to each of the following demands for production, and make all responsive documents in their custody, possession or control available for Plaintiff to inspect and examine within 30 days of the date hereof.

Each request shall be answered separately and fully in writing and under oath, unless it is objected to, in which event the reasons for objections shall be stated in lieu of an answer. If a response requires an answer in more than one part, the parts should be separated in the answer so that each is clearly understandable. If you cannot respond in full or do not possess documents responsive to a particular request, and after exercising due diligence to secure the information to do so, please state this affirmatively.

Be advised that pursuant to the Federal Rules of Civil Procedure, these requests for production are deemed to be ongoing, and if at any time subsequent to your production of responsive documents you obtain or locate additional responsive information or documents, you are under an affirmative obligation to update your responses and production accordingly.

Any responsive documents produced hereunder should be clearly labeled in a manner which clearly identifies the request to which the document corresponds.

If you are aware of a responsive document but do not have it in your custody, possession, or control, you must expressly indicate as such, describe the document including (but not limited to) its author, location, date, addressee, current custodian, and any other pertinent or relevant information.

Where any privilege is claimed with respect to an otherwise responsive document, please expressly identify the nature of the privilege, and explain the legal and factual basis for asserting the privilege claim. You must provide a written statement ("privilege log") identifying any and all responsive documents in your custody, possession or control which are not produced on grounds of privilege. See F.R.C.P. 26(b)(5). Upon information and belief, **THE DOCUMENTS MAY BE FOUND AT CITY HALL, THE NEW YORK POLICE DEPARTMENT OR GRACIE MANSION OR ELSEWHERE**

Unless otherwise specified, the terms used in these shall have the meanings set forth in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York, unless otherwise expressly stated below:

1. "Jaffe" refers to Plaintiff Joanne Jaffe.
2. "O'Neill" refers to Defendant Police Commissioner James O'Neill and "Tucker" refers to Defendant First Deputy Police Commissioner Benjamin Tucker.

3.  "Spinella" refers to Raymond Spinella, one-time Chief of Staff to O'Neill, now NYPD Chief of Operations.

4.  "Fuleihan" refers to Dean Fuleihan, First Deputy Mayor of New York.

5.  "Miller" refers to John Miller, Deputy Commissioner of Intelligence and Counter-terrorism.

6.  "Bratton" refers to former Police Commissioner William Bratton.

7.  "B" or "DeBlasio" refers to the Mayor of New York City at the relevant times and to everyone else authorized to sign his name on emails and other documents.

8.  "Shorris" refers to Anthony Shorris, formerly the First Deputy Mayor of New York.

9.  "Chirlane McCray" or " FLONYC" refers to the Mayor's wife.

10. "Ydanis" refers to Ydanis Rodriquez, currently a City Councilman

11. "Linder" refers to Jonathan Linder, a consultant working with the Police Foundation, City Hall, and the New York City Police Department.

12. "Wasserman" refers to Robert Wasserman, who worked with Linder.

13. "You" or "City" refers to Defendant City of New York, its officers, employees and agents.

14. The term "document" means any electronic data, written, printed, typed, drawn, punched, taped, filmed, recorded or graphic matter, including drafts, which is or was in your possession, custody or control, or known by you to exist, including, but not limited to, any account, record, book, pamphlet, brochure, catalog, periodical, publication, advertisement, schedule, list, manual, letter, correspondence, telephone record, memorandum, contract, ticket, log, computer record, e-mail bulletin, study, survey, call report, sales letter, chart, graph, index, data sheet, inter- and intra-company communication, report, plan, work sheet, note, bill, check, bank statement,

ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, photograph, tape recording, video tape or other form of data compilation. This definition includes all documents for which privilege is claimed. If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any other modification, each such nonidentical copy is a separate document within the meaning of this definition.

15. "Communication" means any transfer or exchange between two or more persons of any information whether by written or oral means, including, but not limited to, personal conversations, correspondence, telephone calls, emails, and text messages. This definition includes all communications for which you claim privilege.

16. "Identify" and "state the identity of" mean:

   a. When used with reference to a natural person, to state (i) the person's full name; (ii) his or her present or last known business address and telephone number; and (iii) his or her present or last known home address and telephone number.

   b. When used with reference to an institution, organization, or business entity, to state: (i) the entity's legal name; and (ii) the location of its principal place of operation and main telephone number.

   c. When used with reference to a document, whether or not that document is presently in existence, to either produce that document or state: (i) the identity of the person who signed it or over whose name it was issued; (ii) the date of the document or, if undated, the date it was created; (iii) the nature and substance of the document or writing with sufficient particularity to enable the document to be identified; (iv) the identity of each person who created it or received an original or copy of it; (v)

4

    the present or last known location and custodian of the document of any copies; and (vi) if lost or destroyed, the date when lost or destroyed.

   d. When used with reference to a communication, to state: (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

  17. "Date" means the exact day, month, and year if ascertainable, or, if not, your best approximation thereof.

  18. In the context of a request or a response thereto, whenever necessary to bring within the scope of the request information that would otherwise be excluded therefrom, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

  19. "And" and "or" shall be construed either disjunctively or conjunctively so as to require the inclusion of materials or information that would otherwise be excluded.

  20. If you object to any portion of a demand for production, provide all information called for by those portions to which you do not object. For those portions to which you object, state in detail the reason for such objection. With respect to each document, or portion thereof, withheld from production, please state the nature of the document (e.g., letter, memorandum, computer printout, etc.) and the date of the document, identifying the persons who sent and received the original or a copy of the document, and state the subject matter of the document.

  21. Each request not only calls for information known to defendants, but also calls for all information available to defendants through reasonable inquiry, including inquiry of defendants' representatives and agents.

22. The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference, and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

23. These discovery requests are of a continuing nature, so as to require supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

24. The time period covered by these Interrogatories, unless indicated otherwise in a specific request, is January 1, 2014 forward.

25. In the event any information is withheld by you on the basis of any claim of privilege or of attorney work product, state in writing with respect to all such information withheld particulars sufficient to permit a determination of the validity of that claim, including: (a) the name and position of each individual who has knowledge of the information; (b) the subject matter of the information; and (c) the grounds for the claim of privilege or attorney work product.

## DOCUMENT DEMANDS

1. All documents generated or maintained in the NYPD, City Hall, or in Gracie Mansion, including but not limited to all notes written or recorded by Spinella, regarding or relating to:

   a. Efforts to make the NYPD more closely reflect the demographics of the City.

   b. Efforts to make the Executive staff of the NYPD more closely reflect the demographics of the City

   c. The promotion of Terry Monahan to be Chief of Department;

   d. The decision to promote Rodney Harrison to Chief of Patrol;

6

    e.    The decision to ask Diana Pizzuti, Joanne Jaffe, Joseph Fox, and Thomas Purtell each to retire on January 8, 2019;

    f.    The Mayor's decision to have Defendant James O'Neill announce promotions and "retirements" on January 8, 2018 involving the selection of Terence Monahan, Rodney Harrison, Edward Delatorre, Nilda Irizarry Hoffman, Harry Wedin, Theresa Shortell, William Morris, John "Jack" Donohue, Fausto Pichardo, Stephen Hughes, Kenneth Corey, Tracie Keesee, and Maria Otero for promotions or transfers; and

    g.    The decision not to consult Pizzuti, the then Chief of Personnel in making the promotions referred to in item 1(f) above.

    h.    The decision not to consult Pizzuti, the then Chief of Personnel in the policy of transforming the Police Department to make its demographics more closely resemble the demographics of New York City.

    i.    The identity of non-police department personnel with whom possible promotions were discussed prior to January 8, 2018.

2.    All documents identifying or in any way indicating any or all persons, within or outside the Police Department, who were involved in the decision to remove the four individuals identified in item 1(e), above.

3.    All documents identifying or in any way indicating any or all persons, within or outside the Police Department, who were involved in the decision to promote the individuals identified in item 1(f), above.

4. All communications and correspondence regarding the terminations of the four individuals identified above, as well as regarding the subsequent promotions to fill the resulting vacancies. If no such communications exist, please so state.

5. All documents reflecting the legal authority, if any, for the Police Commissioner to demand that a member of the Department retire on less than 30 days' notice, in the absence of disciplinary charges. If none, please so state.

6. All documents reflecting the legal authority, if any, for the Police Commissioner to direct any member of the Department to file false reports of hours worked. Again, if none, please so state.

7. Copies of personal calendars from Defendants Tucker and O'Neill from December 1, 2017 to January 15, 2018.

8. All documents prepared or reviewed by James O'Neill, Benjamin Tucker, Terry Monahan, Ray Spinella, or Chirlane McCray, William Bratton, Jonathan Linder or "B" relating to or bearing any connection with the idea of a mid-month promotion and the related scheduling thereof.

9. Joanne Jaffe's personnel file, IAB file, and any/all disciplinary records, performance reviews, or similar such materials.

10. Records of calls made or received regarding the promotions, transfers, and retirements identified above including those made by the press office of City Hall, the press office of the Police Department, or the political operatives working for the Mayor.

11. Copies of all meeting notes prepared by any attendee, whether handwritten, electronically made or otherwise, discussing any of the people identified in 1(e) or 1(f).

12. All emails between any NYPD email address and flonyc@cityhall.nyc.gov for the period October 1, 2017 to January 15, 2018.

13. All consultant's or consultants' work papers dealing or in any way referring to or connected with desired or proposed changes to the racial or ethnic demographics of the Police Department.

14. Records of work performed by PriceWaterhouseCoopers referred to by Raymond Spinella in his testimony and in his PriceWaterhouse Coopers notebook including all recommendations relating to personnel.

15. Records of all work done by either Robert Wasserman or Jonathan Linder for the NYPD, the Commissioner of the NYPD, or the City of New York from January 1, 2014 to date.

Dated: New York, New York
March 9, 2021

Respectfully submitted,

/s/ John W. Moscow
John W. Moscow, Esq.
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
The Chrysler Building
405 Lexington Avenue, 64th Floor
New York, NY 10174
(212) 826-7001

/s/ Louis C. La Pietra
Louis C. La Pietra, Esq.
LA PIETRA & KRIEGER
30 Glenn Street
White Plains, New York 10603
(914) 684-6000

*Counsel for Plaintiff*

To: James Johnson
Donna A. Canfield
New York City Law Department
*Attorney for Defendants*

9

      100 Church Street
      New York, NY 10007
      (212) 356-2461
      Fax: (212) 356-2438
      Email: Dcanfiel@law.nyc.gov