# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOANNE JAFFE,

                Plaintiff,

   against

CITY OF NEW YORK, POLICE
COMMISSIONER JAMES O'NEILL, and
MAYOR BILL DE BLASIO,

                Defendants.

Case No. 19-cv-07024 (LAP)

**PLAINTIFF'S THIRD REQUEST
FOR PRODUCTION OF
DOCUMENTS FROM DEFENDANT
JAMES O'NEILL**

      **PLEASE TAKE NOTICE THAT** pursuant to Rules 26, 33 and 34 of the Federal Rules

of Civil Procedure and the Local Rules of this Court, Plaintiff Joanne Jaffe by and through her

attorneys, LEWIS BAACH KAUFMANN MIDDLEMISS PLLC and LA PIETRA & KRIEGER,

hereby demands that Defendant James O'Neill serve upon the undersigned counsel responses to

each of the following demands for production, and make all responsive documents in his custody,

possession or control available for Plaintiff to inspect and examine within 30 days of the date

hereof.

## <u>INSTRUCTIONS</u>

      The following instructions (as well as the requirements of Rule 34 of the Federal Rules of

Civil Procedure and the applicable Local Rules) apply to these Document Requests.

      1.     The use of any tense of any verb shall be considered to also include within its

meaning all other tenses of the verb so used.

      2.     Unless otherwise specified or required by necessary implication, the applicable

time period for the Requests is January 1, 2017, to the present.

3.      The use of any tense of any verb shall be considered to also include within its meaning all other tenses of the verb so used.

4.      You should produce any and all documents requested as they are kept in the ordinary course of business, and You should produce or identify the file or sub-file in which the responsive document was located.  **If You have previously produced any document responsive to this request in a manner that does not comply with this instruction, you should re-produce the document as it was kept in the ordinary course of business.**

5.      All grounds for an objection to a Request should be stated with specificity.

6.      If a Request is objected to, please state as clearly as possible whether documents are being produced in response to the Request, or whether documents facially responsive to the Request are being withheld or not being searched for.  If documents facially responsive to the Request are being withheld or not being searched for, please indicate clearly and specifically the nature of those documents.

7.      In responding to these Requests, You should produce all responsive electronic documents and communications, as defined below, either in hard copy or electronic format.

8.      To the extent that you have previously produced documents responsive to this request in an electronic format that does not comply with the "Format of Production" instructions set forth below (e.g., emails and other documents You produced as individual PDF files, regardless of original native format, without required metadata), You should re-produce these documents in an electronic format that complies with these instructions.

9.      Whenever any document is or would have been required to be produced pursuant to these Requests and that document has been destroyed or lost, has been given to

2

another person not now subject to Your control, or otherwise cannot be produced, set forth the contents of the document, the date of destruction, loss, or other disposition, the name of the person who ordered or authorized such destruction, loss, or disposition or otherwise has knowledge thereof, identify the document fully, and produce any other documents concerning the destroyed document, including without limitation all documents that refer to the destroyed document.

## CLAIMS OF PRIVILEGE

1.      If any of the Requests herein are objected to, whether in whole or in part, on the grounds that the information sought is privileged, You are requested to produce those portions of such documents and/or information as to which no privilege is claimed.  With respect to each document or portion of a document or item of information for which privilege is claimed:

   a.  identify the privileged document or information;

   b.  state the general subject matter of the document;

   c.  state the date, addressee or recipient(s) including, but not limited to, any cc's or bcc's, the author or initiator of such document or information, and any other person that reviewed, or had an opportunity to review, the document or information; and

   d.  state specifically the exact evidentiary privilege claimed, together with such facts as will enable the Court to determine the merit of the claim of privilege.

2.      Note that inclusion of counsel in a chain of recipients does not create an evidentiary exemption under CPLR 4503(a).

3.      Note that documents or communications reflecting the advice of legal counsel circulated to persons who do not share privilege are not privileged and must be produced.

## **DEFINITIONS**

1.     The following rules of construction apply to these Document Requests:

a.     All/Any/Each. The terms "all", "any," and "each" shall be construed as encompassing any and all.

b.     And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside the scope.

c.     Number. The use of the singular form of any word includes the plural and vice versa.

2.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) that is in Your custody or control.

3.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

4.     "Document" means any document or electronically stored information within Your custody or control and is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5.     "Promotions" means Defendants' January 2018 promotion and/or transfer of Terence Monahan, Rodney Harrison, Edward Delatorre, Nilda Irizarry Hofmann, Harry Wedin, Theresa Shortell, William Morris, John "Jack" Donohue, Fausto Pichardo, Stephen Hughes, Kennth Corey, Tracie Keese, and/or Maria Otero.

6.      "Terminations" means any actions to end the employment of Joanne Jaffe, Diana Pizzuti, Joseph Fox, and/or Thomas Purtell as NYPD Chiefs or to have them replaced by other persons in their respective roles as NYPD Chiefs.

7.      "Validator" or "Validators" is synonymous with the definition as used by You and/or other employees of defendant City of New York, and includes but is not limited to all "Validators" set forth in the January 8, 2018 Google share document linked to NYC_0002026: Representative Espaillat, Representative Clarke, Representative Jeffries, Representative Velazquez, Representative Meeks, Representative Crowley, Representative Nadler, Assemblyman Arroyo, Assemblyman Benedetto, Assemblyman Bichotte, Assemblyman Cook, Assemblyman Crespo, Assemblyman Davila, Assemblyman De La Rosa, Assemblyman DenDekker, Assemblyman Dickens, Assemblyman Dilan, Assemblyman Harris, Assemblyman Hyndman, Assemblyman Joyner, Assemblyman Mosley, Assemblyman Ortiz, Assemblyman Pichardo, Assemblyman Richardson, Assemblyman Rivera, Assemblyman Rodriguez, Assemblyman Rozic, Assemblyman Taylor, Assemblyman Titus, Assemblyman Vanel, Assemblyman Weprin, Assemblyman Williams, Assemblyman Wright, Assemblyman Cymbrowitz, Speaker Johnson, Councilman Vanessa Gibson, Councilman Deutsch, Councilman Miller, Councilman Richards, Councilman Rose, Councilman Diaz Sr., Councilman Salamanca, Councilman Williams, Councilman Lander, Councilman Torres, Councilman Adams, Councilman Reynoso, Councilman Cabrera, Councilman Comegy, Councilman Cumbo, Councilman Espinal, Councilman Eugene, Councilman King, Councilman Matteo, Councilman Menchaca, Councilman Rodriguez, Councilman Treyger, Borough President Diaz, Borough President Adams, Borough President Katz, Borough President Oddo, Borough President Brewer, District Attorney Clark, District Attorney McMahon, District Attorney Brown, District Attorney

Gonzalez, District Attorney Vance, Comptroller Stringer, PA Tish James, Reverend Al Sharpton, Pastor Monrose, Clergy Counsel, Flake, Bernard, Valzdez, National Latino, Officers, George Gresham, Hector, Garrido, Dukes, Calderon, and/or CAC-Que English.

8.      "NYPD" refers to the New York City Police Department.

9.      "You" or "Your" means defendant James O'Neill and/or any person acting on behalf of defendant James O'Neill.

10.     The term "Electronically Stored Information" or "electronic format" or "ESI" means all "potentially discoverable electronically stored information," which includes but is not limited to, all electronically stored documents.

## FORMAT OF PRODUCTION

Electronic Documents and data: All Documents and ESI produced shall be provided in either native file ("native") or single-page tiff format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, document level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

Database load files and production media structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production document identifier information, data designed to preserve "parent and child" relationships within document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper

documents), custodian or document source information; and (ii) an Opticon ("opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

Spreadsheets, multimedia, and non-standard file types: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, including cloud-based applications such as Google Sheets, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

"Other" electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

Metadata: To the extent possible, ESI should be produced with these or equivalent metadata fields: Custodian, Duplicate Custodian, Beginning Bates Number, Ending Bates

Number, Beginning Attachment Number, Ending Attachment Number, Parent Bates Number, Attachment Bates Number, Record Type, Redacted, Confidentiality, Family Date/Master Date, SentOn Date and Time, Received Date and Time, CreateDate and Time, Last Modified Date and Time, Parent Folder Path, Author, To, From, CC, BCC, AttachCount, Subject, Original Source, Native Path, File Extension, File Name, MD5 Hash, File Size, and Full Text.

Paper Documents: Documents originally created or stored on paper, along with any documents or containers in which they were kept (e.g., file folders, envelopes, file cabinet markers, notebook cover pages, etc.) shall be produced in tiff format. Relationships between documents shall be identified within the .dat file utilizing document identifier numbers to express parent document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## **DOCUMENT REQUESTS**

You are requested to produce for inspection and copying the following documents from the files in your possession, custody or control that were generated, forwarded, or received between January 1, 2017, and the present.

1.      All documents and communications concerning the Termination, reassignment, or retirement of Joanne Jaffe from her position with the NYPD, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

2.      All documents and communications concerning the Termination, reassignment, or retirement of Diana Pizzuti, Joseph Fox, or Thomas Purtell from their positions with the NYPD,

8

or the Promotions of their replacements, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

3.      All documents and communications concerning the Promotion of Nilda Irizarry Hoffman, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

4.      All documents and communications concerning the racial, gender, or ethnic demographics of the NYPD, e.g., those concerning "diversity" and the promotion of Black or Hispanic officers or "people of color," including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

5.      All documents and communications concerning lobbying efforts directed at You, the NYPD, or any defendant in this lawsuit, to promote minority officers to the higher ranks of the NYPD, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

6.      All documents and communications constituting or concerning the input or participation of Bill de Blasio, Chirlane McCray, or any person acting on de Blasio's or McCray's behalf, in the Terminations or Promotions, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google

9

document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

7.      All documents and communications constituting or concerning input or participation of any person who was not an officer of the NYPD in the Terminations or Promotions, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

8.      All documents and communications concerning Defendants' intent or efforts to publicize the Promotions or Terminations, including documents and communications with any Validator, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

9.      All documents and communications concerning Defendant de Blasio's January 8, 2018, press conference, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

10.     All documents and communications concerning the January 8, 2018, press release titled "More Than a Dozen Executive Promotions Announced, Including Chief of Department," and each draft thereof, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

11.     All documents and communications generated, modified, sent, received, or forwarded by You, defendant Bill de Blasio, Raymond Spinella, Emma Wolfe, Dean Fuleihan, or

Simcha Eichenstein concerning any fact alleged in the Second Amended Complaint, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

12.     All documents and communications that you are relying upon to support your defenses to this lawsuit.


Dated: New York, New York
      June 20, 2022                                  Respectfully submitted,

                                            /s/ John W. Moscow_____
                                            John W. Moscow, Esq.
      A. Mackenna White
      LEWIS BAACH KAUFMANN
      MIDDLEMISS PLLC
      The Chrysler Building
      405 Lexington Avenue, 64th Floor
      New York, NY 10174
      (212) 826-7001
      John.Moscow@lbkmlaw.com
      Mackenna.White@lbkmlaw.com


      /s/ Louis C. La Pietra_____
      Louis C. La Pietra, Esq.
      LA PIETRA & KRIEGER
      30 Glenn Street
      White Plains, New York 10603
      (914) 684-6000

      *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 20th day of June 2022, a copy of plaintiff's foregoing Third Request for Production of Documents from Defendant James O'Neill was served via email upon the following:

Donna A. Canfield
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2461
Fax: (212) 356-2438
Email: Dcanfiel@law.nyc.gov
*Counsel for Defendant Bill de Blasio*

 */s/  Joshua Rothman*
Joshua Rothman, Paralegal
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC

12