# EXHIBIT 7

| | |
|---|---|
| **From:** | John W. Moscow |
| **Sent:** | Friday, July 28, 2023 6:04 PM |
| **To:** | lprofeta@law.nyc.gov; carko@law.nyc.gov |
| **Cc:** | James MacFadyen; Joshua Rothman; Solomon B. Shinerock; lou@lapietrakrieger.com; John W. Moscow |
| **Subject:** | FW: Jaffe - Summary of Discovery Requests & Responses |
| **Attachments:** | Jaffe - Summary of Discovery Requests & Responses.pdf |

Larry and Chris:

Attached are dates on which Plaintiff submitted interrogatories and made Demands for Production of Documents.

We submitted a first set of Interrogatories on February 2, 2020; it was not responded to at all.

That is not to say that no documents were produced; they were not identified as being responsive to what was asked for, and they were not kept in their native format and there has been no representation that Plaintiff has received all relevant documents. There are also evidentiary questions as to the authenticity of certain documents, whose existence the City initially denied—twice.

Separately, on September 25, 2020 Plaintiff submitted a Demand for the Production of Documents, with which we deal below; in relevant part the document promised that the defendants would produce documents in 30 days from November 30, 2020. . Nothing has yet been produced in July, 2023.
Plaintiff sent a demand for production on June 9, 2022; no response has been forthcoming.

Three separate demands or interrogatories were sent on June 20, 2022; nothing has been produced. No fatuous promises about future production were made; nothing was produced.

A demand for production was made March 17, 2023 regarding former Deputy Mayor Fuleihan, who had been subpoenaed for a deposition. That deposition must again be adjourned because the City has produced no documents. This list, although extensive, may well not be comprehensive.

I note that we asked that the documents be produced as described in Rule 34—as they were maintained or identified by request. We also asked that the demands be responded to; you will note that the words following our requests are not responsive to the questions asked. The writings are merely contumacious refusals to provide an answer.

If we erred in missing one of your responses please let me know as soon as possible what we missed.

John

## I.   Plaintiff's First Set of Interrogatories (February 2, 2020)

1. INTERROGATORY NO. 1. Identify each person with whom Defendants O'Neill and Tucker exchanged, gave, or received information about the promotions and transfer of young, racially diverse people prior to Defendants' meeting with clients Jaffe and Pizzuti on January 8, 2018.

2. INTERROGATORY NO. 2. Identify each witness to (or person you believe possesses any knowledge of) (a) the allegations raised in the Complaint, (b) your Answer, or (c) any affirmative defenses you will allege or have alleged.

3. INTERROGATORY NO. 2.a. Please identify the name, position and business address of any individuals who provided information for and/or drafted the responses to each of Plaintiffs' interrogatories.

4. INTERROGATORY NO. 3. Identify all warnings, cautions, counseling, criticism, reprimands, adverse evaluations, adverse comments, or other adverse or critical comments, statements, or suggestions made or communicated to Jaffe, or made or communicated to any person respecting Jaffe, with respect to Jaffe's job performance, whether written or oral. Identify all documents relating to your response to this interrogatory.

5. INTERROGATORY NO. 4. Identify all compliments, commendations, awards, raises, promotions, or other favorable or laudatory comments or statements made or communicated to Jaffe, or made or communicated to any person respecting Jaffe, with respect to Jaffe's job performance, whether written or oral. Identify all documents relating to your response to this interrogatory.

6. INTERROGATORY NO. 5. Describe the qualifications, criteria and experience necessary for the position of NYPD Chief of Community Affairs, and describe those qualifications, criteria and areas of experience which You, O'Neill, and Tucker believed Jaffe to be lacking when You terminated Jaffe from that position in January of 2018. Identify all documents which existed before January 18, 2018 and, separately, all those documents since then, relating to your response to this interrogatory.

7. INTERROGATORY NO. 6. Describe in detail all reasons that Jaffe's employment as NYPD Chief of Community Affairs was terminated.

8. INTERROGATORY NO. 7. Identify all individuals who participated in the decision to remove Jaffe as NYPD Chief of Community Affairs.

9. INTERROGATORY NO. 8. Identify all communications relating to the decision to remove Jaffe as NYPD Chief of Community Affairs.

10. INTERROGATORY NO. 9. State in detail each fact on which you base your denial in paragraph 20 of Defendants' Answer to paragraph 20 of Plaintiff's Complaint that on January 8 2018, Defendants O'Neill and Tucker met with Jaffe. State the place and time of the meeting whether anyone other than O'Neill and Tucker were present and whether and how this meeting was documented.

11. INTERROGATORY NO. 10. State in detail each fact on which you based your denial, in paragraph 34 of your Answer, in response to paragraph 34 of Jaffe's Complaint, that Hoffman's prior experience was limited to command of two precincts, the 25th and 23rd.

12. INTERROGATORY NO. 11. State in detail each fact on which you based your denial, in paragraph 35 of your Answer, in response to paragraph 35 of Jaffe's Complaint, that Jaffe has been outspoken about racism and sexism in the NYPD.

13. INTERROGATORY NO. 12. State in detail each fact on which you based your denial, in paragraph 37 of your Answer, in response to paragraph 37 of Jaffe's Complaint, that Jaffe created a mentorship program for newly promoted female sergeants.

14. INTERROGATORY NO. 13. State in detail each fact on which you based your denial, in paragraph 42 of your Answer, in response to paragraph 42 of Jaffe's Complaint, that all four of the Chiefs terminated by You, O'Neill, and Tucker were over the AGE OF 58 and WHITE.

15. INTERROGATORY NO. 14. State in detail each fact on which you based your denial, in paragraph 49 of your Answer, in response to paragraph 49 of Jaffe's Complaint.

16. INTERROGATORY NO. 15. State in detail each fact on which you based your denial, in paragraph 54 of your Answer, in response to paragraph 54 of Jaffe's Complaint.

17. INTERROGATORY NO. 16. Identify each person whom Defendants expect to call as an expert witness at trial and state the following for each:
    a. The subject matter on which the expert is expected to testify;
    b. The substance of the opinions and conclusions to which the expert is expected to testify;
    c. A summary of the grounds for each such opinion and conclusion; and
    d. Identify each expert's resume or curriculum vitae.

18. INTERROGATORY NO. 17. Identify each exhibit you propose to use at trial including any exhibit you intend to use or may use.

II.     **Plaintiff's Demand for Production of Documents (September 25, 2020)**
        *a.  Defendant's responses dated November 30, 2020*

1.  **All documents generated or maintained in the NYPD, City Hall, or in Gracie Mansion, including all notes written or recorded by Spinella, regarding or relating to:**
    a.  **The promotion of Terry Monahan to be Chief of Department;**
    b.  **The decision not to promote Rodney Harrison;**
    c.  **The decision to ask Diana Pizzuti, Joanne Jaffe, Joseph Fox, and Thomas Purtell each to retire on January 8, 2019;**
    d.  **The selection of Terence Monahan, Rodney Harrison, Edward Delatorre, Nilda Irizarry Hoffman, Harry Wedin, Theresa Shortell, William Morris, John "Jack" Donohue, Fausto Pichardo, Stephen Hughes, Kenneth Corey, Tracie Keesee, and Maria Otero for promotions or transfers; and**
    e.  **The decision not to consult the Chief of Personnel in making the promotions referred to in item 1(d) above.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 1:*

*Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents concerning the decision to replace Joanne Jaffe, defendants will produce all responsive documents within 30 days of this response.*

2.  **All documents identifying or in any way indicating any or all persons, within or outside the Police Department, who were involved in the decision to remove the four individuals identified in item 1(c), above.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 2:*

*Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents concerning the decision to replace Joanne Jaffe, defendants will produce all responsive documents within 30 days of this response.*

3. **All documents identifying or in any way indicating any or all persons, within or outside the Police Department, who were involved in the decision to promote the individuals identified in item 1(d), above.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 3:*

*Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents concerning the decision to replace Joanne Jaffe, defendants will produce all responsive documents within 30 days of this response.*

4. **All communications and correspondence regarding the terminations of the four individuals identified above, as well as regarding the subsequent promotions to fill the resulting vacancies. If no such communications exist, please so state.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 4:*

*Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents concerning the decision to replace Joanne Jaffe, defendants will produce all responsive documents within 30 days of this response.*

5. **All documents reflecting the legal authority, if any, for the Police Commissioner to demand that a member of the Department retire on less than 30 days' notice, in the absence of disciplinary charges. If none, please so state.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 5:*

*Defendants object to this demand on the grounds that it assumes facts not established or admitted and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents concerning Joanne Jaffe's decision to retire rather than continue in another role for the NYPD, defendants will produce all responsive documents within 30 days of this response.*

6. **All documents reflecting the legal authority, if any, for the Police Commissioner to direct any member of the Department to file false reports of hours worked. Again, if none, please so state.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 6:*

*Defendants object to this demand on the grounds that it assumes facts not established or admitted and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents concerning Joanne Jaffe's decision to retire rather than continue in another role for the NYPD, defendants will produce all responsive documents within 30 days of this response.*

7. **Copies of personal calendars from Defendants Tucker and O'Neill from December 1, 2017 to January 15, 2018.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 7:*

*Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek the electronic daily schedules of defendants Tucker and O'Neill to the extent they exist, defendants will produce all responsive documents within 30 days of this response.*

8. **All documents prepared by James O'Neill, Benjamin Tucker, Terry Monahan, Ray Spinella, or Chirlane McCray, relating to or bearing any connection with the idea of a mid-month promotion and the related scheduling thereof.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 8:*

*Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents concerning the decision to replace Joanne Jaffe, defendants will produce all responsive documents within 30 days of this response.*

9. **Joanne Jaffe's personnel file, IAB file, and any/all disciplinary records, performance reviews, or similar such materials.**

   ***OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 9:***

   *Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

   *Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek Jaffe's personnel file and IAB file, defendants will produce all responsive documents within 30 days of this response.*

10. **Records of calls made or received regarding the promotions, transfers, and retirements identified above.**

    ***OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 10:***

    *Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

    *Notwithstanding and without waiving any of these or any other applicable privileges and objections, upon information and belief, defendants have no documents responsive to this demand.*

11. **Copies of all meeting notes prepared by any attendee, whether handwritten, electronically made or otherwise, discussing any of the people identified in 1(c) or 1(d).**

    ***OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 11:***

    *Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

    *Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents concerning the decision to replace Joanne Jaffe, defendants will produce all responsive documents within 30 days of this response.*

12. **All emails between any NYPD email address and flonyc@cityhall.nyc.gov for the period October 1, 2017 to January 15, 2018.**

**OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 12:**

*Defendants object to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

III.   **Plaintiff's First Set of Interrogatories Directed to Defendant Bill de Blasio (June 9, 2022)**

      *a.   Objections dated July 18, 2022*

1.   **Identify all persons with knowledge of Your involvement in ending Joanne Jaffe's employment with the NYPD, replacing her as Chief of Community Affairs, and/or reassigning her from said position.**

*OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 1:*

*Defendant de Blasio objects to this interrogatory on the grounds that it assumes facts not admitted nor established.*

*Notwithstanding this specific objection, and construing this request to seek the identity of the individual who made the decision to replace Joanne Jaffe as Chief of Community Affairs, Defendant de Blasio identifies former Police Commissioner James O'Neill.*

*In addition, Defendant de Blasio also refers to the documents produced by the parties, which may contain information responsive to this request.*

2.   **Identify all persons with knowledge of Your involvement in ending the employment of Diana Pizzuti, Joseph Fox, and/or Thomas Purtell with the NYPD, replacing any of them as NYPD Chiefs, and/or reassigning them from their positions as NYPD Chiefs.**

*OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 2:*

*Defendant de Blasio objects to this interrogatory on the grounds that it assumes facts not admitted nor established.*

*Notwithstanding this specific objection, and construing this request to seek the identity of the individual who made the decision to replace Diana Pizzuti, as Chief of Personnel, Joseph Fox, as Chief of Transit and/or Thomas Purtell, Chief of Citywide Operations, Defendant de Blasio identifies former Police Commissioner James O'Neill.*

*In addition, Defendant de Blasio also refers to the documents produced by the parties, which may contain information responsive to this request.*

3.   **Identify all persons with knowledge of Nilda Irizarry Hofmann's selection for promotion to Chief of Community Affairs, including the persons involved in recommending her for said position.**

***OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 3:***

*Defendant de Blasio objects to this interrogatory on the grounds that it is overbroad with respect to time and scope.*

*Notwithstanding this specific objection, and construing this request to seek the identity of the individual who made the decision to select Nilda Irizarry Hofmann as Chief of Community Affairs, Defendant de Blasio identifies former Police Commissioner James O'Neill.*

*In addition, Defendant de Blasio also refers to the documents produced by the parties, which may contain information responsive to this request.*

4. **Identify all persons with knowledge of the drafting and/or editing of Paragraph 3 of the January 8, 2018, press release titled "More Than a Dozen Executive Promotions Announced, Including Chief of Department."**

   ***OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 4:***

   *Defendant de Blasio objects to this interrogatory on the grounds that it assumes facts not admitted or established, and is not relevant to the parties' claims and defenses.*

   *Notwithstanding these specific objections, Defendant de Blasio identifies former Police Commissioner James O'Neill.*

   *In addition, Defendant de Blasio also refers to the documents produced by the parties, which may contain information responsive to this request.*

5. **Identify the location and nature of all personal communications and information sent and/or received by You concerning the facts alleged in the Second Amended Complaint, including but not limited to all personal emails, cell phone numbers, messaging platforms, and social media accounts. Please note the definitions for "location" provided above.**

   ***OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 5:***

   *Defendants object to this interrogatory on the grounds that it is overbroad with respect to time and scope, not relevant to the parties' claims and defenses, and to the extent it seeks information that is beyond the scope of Local Civil Rule 33.3.*

6. **Identify all persons who you know or believe to have possession or control of documents and information concerning the facts alleged in the Second Amended Complaint and the nature of those documents and/or information.**

***OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 6:***

*Defendant de Blasio objects to this interrogatory on the grounds that it assumes facts not admitted nor established.*

*Notwithstanding this specific objection, and construing this request to seek the identity of the individual who made the decision to replace Joanne Jaffe as Chief of Community Affairs, Defendant de Blasio identifies former Police Commissioner James O'Neill.*

*In addition, Defendant de Blasio also refers to the documents produced by the parties, which may contain information responsive to this request.*

7. **Identify the full name, present or last known address, and present or last known place of employment, as well as telephone numbers and email addresses if known, for each person referenced in Plaintiff's Amended Initial Disclosures as an individual likely to have discoverable information, including but not limited to each of the so-called "Validators."**

***OBJECTION(S) AND RESPONSE TO INTERROGATORY NO.7 :***

*Defendants object to this interrogatory on the grounds that it is overbroad with respect to time and scope, not relevant to the parties' claims and defenses, and to the extent it seeks information that is beyond the scope of Local Civil Rule 33.3.*

IV. **Plaintiff's First Request For Production Of Documents From Defendant Bill De Blasio (June 9, 2022)**

　　　a. *Objections dated July 18, 2022*

You are requested to produce for inspection and copying the following documents from the files in your possession, custody or control that were generated, forwarded or received between January 1, 2017, and the present.

1. **All documents and communications concerning Joanne Jaffe, including but not limited those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 1:*

*Defendant de Blasio objects to this demand on the grounds that it assumes facts not established or admitted, the demand is overbroad with respect to time and scope, and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding these specific objections, Defendant de Blasio has no documents responsive to this request.*

2. **All documents and communications concerning the termination and/or retirement of Diana Pizzuti, Joseph Fox, and/or Thomas Purtell, including but not limited to those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 2:*

*Defendant de Blasio objects to this demand on the grounds that it assumes facts not established or admitted.*

*Notwithstanding this specific objection, Defendant de Blasio has no documents responsive to this request.*

3. **All documents and communications concerning the promotion of Nilda Irizarry Hoffman, including but not limited those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

**OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 3:**

*Defendant de Blasio objects to this demand on the grounds that it assumes facts not established or admitted, and is overbroad with respect to time and scope.*

*Notwithstanding these specific objections, Defendant de Blasio has no documents responsive to this request.*

4. **All documents and communications concerning the racial, gender, and/or ethnic demographics of the New York City Police Department, e.g., those concerning "diversity" and the promotion of black and/or Hispanic officers and/or "people of color," including but not limited to those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

**OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 4:**

*Defendant de Blasio objects to this demand on the grounds that it assumes facts not established or admitted, and the demand is overbroad with respect to time and scope.*

*Notwithstanding these specific objections, Defendant de Blasio has no documents responsive to this request.*

5. **All documents and communications concerning lobbying efforts directed at You and/or defendant City of New York, to promote minority officers to the higher ranks of the New York City Police Department, including but not limited to those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

**OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 5:**

*Defendant de Blasio objects to this demand on the grounds that it assumes facts not established or admitted.*

*Notwithstanding this specific objection, Defendant de Blasio has no documents responsive to this request.*

6. **All documents and communications constituting or concerning the input or participation of Chirlane McCray in the Terminations and/or Promotions, including but not limited to those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 6:*

*Defendant de Blasio objects to this demand on the grounds that it assumes facts not established or admitted.*

*Notwithstanding this specific objection, Defendant de Blasio has no documents responsive to this request.*

7.   **All documents and communications concerning input or participation of any person not employed by defendant City of New York in the Terminations and/or Promotions, including but not limited to those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 7:*

*Defendant de Blasio objects to this demand on the grounds that it assumes facts not established or admitted.*

*Notwithstanding this specific objection, Defendant de Blasio has no documents responsive to this request.*

8.   **All documents and communications concerning Defendants' intent or effort to publicize the Promotions and/or Terminations, including documents and communications with any Validator, including but not limited to those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

*OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 8:*

*Defendant de Blasio objects to this demand on the grounds that it assumes facts not established or admitted, and to the extent the request is not relevant to the parties' claims and defenses.*

*Notwithstanding these specific objections, Defendant de Blasio has no documents responsive to this request.*

9.   **All documents and communications concerning Your January 8, 2018, press conference, including but not limited to those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

***OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 9:***

*Defendant de Blasio objects to this demand on the grounds that the request is not relevant to the parties' claims and defenses.*

*Notwithstanding this specific objection, Defendant de Blasio has no documents responsive to this request.*

10. **All documents and communications concerning the January 8, 2018, press release titled "More Than a Dozen Executive Promotions Announced, Including Chief of Department," and each draft thereof, including but not limited to those on any personal email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, and/or any other electronic communications platform, handwritten notes, diaries, recordings, and/or call logs.**

***OBJECTION(S) AND RESPONSE TO DOCUMENT DEMAND NO. 10:***

*Defendant de Blasio objects to this demand on the grounds that the request is not relevant to the parties' claims and defenses.*

*Notwithstanding this specific objection, Defendant de Blasio has no documents responsive to this request.*

**V.    Plaintiff's Second Set Of Interrogatories Directed To Defendant James O'Neill (June 20, 2022)**

1.  Identify all persons with knowledge of the decision-making concerning the termination of Joanne Jaffe's employment with the NYPD, the promotion of Nilda Irizarry Hofmann to replace Jaffe as the NYPD's Chief of Community Affairs, or Jaffe's removal or reassignment from the Chief of Community Affairs position.

2.  Identify all persons with knowledge of the decision-making concerning the termination of employment of Diana Pizzuti, Joseph Fox, or Thomas Purtell with the NYPD, the promotion of other individuals to replace any of them as NYPD Chiefs, or their removal or reassignment from their positions as NYPD Chiefs.

3.  Identify all persons with knowledge of the decision-making concerning Nilda Irizarry Hofmann's selection for promotion to Chief of Community Affairs, including the persons involved in recommending her for said position.

4.  Identify all persons with knowledge of the drafting or editing of Paragraph 3 of the January 8, 2018, press release titled "More Than a Dozen Executive Promotions Announced, Including Chief of Department."

5.  Identify the location and nature of all personal communications and information sent or received by You concerning the facts alleged in the Second Amended Complaint, including but not limited to all personal emails, cell phone text messages and numbers, messaging platforms, and social media accounts. Please note the definitions for "location" provided above.

6.  Identify all persons who you know or believe to have possession or control of documents and information concerning the facts alleged in the Second Amended Complaint and the nature of those documents or information.

7.  Identify the full name, present or last known address, and present or last known place of employment, as well as telephone numbers and email addresses if known, for each person referenced in Plaintiff's Amended Initial Disclosures as an individual likely to have discoverable information, including but not limited to each of the so-called "Validators."

**VI.    Plaintiff's Third Request For Production Of Documents From Defendant City Of New York (June 20, 2022)**

You are requested to produce for inspection and copying the following documents from the files in your possession, custody or control that were generated, forwarded, or received between January 1, 2017, and the present.

1.  All documents and communications concerning the termination, reassignment, or retirement of Joanne Jaffe from her position with the NYPD, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

2.  All documents and communications concerning the termination, reassignment, or retirement of Diana Pizzuti, Joseph Fox, or Thomas Purtell from their positions with the NYPD, or the promotions of their replacements, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

3.  All documents and communications concerning the promotion of Nilda Irizarry Hoffman, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

4.  All documents and communications concerning the racial, gender, or ethnic demographics of the NYPD, e.g., those concerning "diversity" and the promotion of Black or Hispanic officers or "people of color," including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

5.  All documents and communications concerning lobbying efforts directed at former Mayor Bill de Blasio, individuals employed within the Office of the Mayor or otherwise acting on de Blasio's behalf in a professional or volunteer capacity, the NYPD, or You, to promote minority officers to the higher ranks of the NYPD, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

6.  All documents and communications constituting or concerning the input or participation of Chirlane McCray in the Terminations or Promotions, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

7. All documents and communications constituting or concerning input or participation of any person not employed by You in the Terminations or Promotions, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

8. All documents and communications concerning Defendants' intent or efforts to publicize the Promotions or Terminations, including documents and communications with any Validator, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

9. All documents and communications concerning Defendant de Blasio's January 8, 2018, press conference, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

10. All documents and communications concerning the January 8, 2018, press release titled "More Than a Dozen Executive Promotions Announced, Including Chief of Department," and each draft thereof, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

11. All documents and communications generated, modified, sent, received, or forwarded by You, defendant Bill de Blasio, defendant James O'Neill, Raymond Spinella, Emma Wolfe, Dean Fuleihan, or Simcha Eichenstein concerning any fact alleged in the Second Amended Complaint, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

**VII.    Plaintiff's Third Request For Production Of Documents From Defendant James O'Neill (June 20, 2022)**

You are requested to produce for inspection and copying the following documents from the files in your possession, custody or control that were generated, forwarded, or received between January 1, 2017, and the present.

1. All documents and communications concerning the Termination, reassignment, or retirement of Joanne Jaffe from her position with the NYPD, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

2. All documents and communications concerning the Termination, reassignment, or retirement of Diana Pizzuti, Joseph Fox, or Thomas Purtell from their positions with the NYPD, or the Promotions of their replacements, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

3. All documents and communications concerning the Promotion of Nilda Irizarry Hoffman, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

4. All documents and communications concerning the racial, gender, or ethnic demographics of the NYPD, e.g., those concerning "diversity" and the promotion of Black or Hispanic officers or "people of color," including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

5. All documents and communications concerning lobbying efforts directed at You, the NYPD, or any defendant in this lawsuit, to promote minority officers to the higher ranks of the NYPD, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

6. All documents and communications constituting or concerning the input or participation of Bill de Blasio, Chirlane McCray, or any person acting on de Blasio's or McCray's behalf, in the Terminations or Promotions, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

7. All documents and communications constituting or concerning input or participation of any person who was not an officer of the NYPD in the Terminations or Promotions, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

8. All documents and communications concerning Defendants' intent or efforts to publicize the Promotions or Terminations, including documents and communications with any Validator, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

9. All documents and communications concerning Defendant de Blasio's January 8, 2018, press conference, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

10. All documents and communications concerning the January 8, 2018, press release titled "More Than a Dozen Executive Promotions Announced, Including Chief of Department," and each draft thereof, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

11. All documents and communications generated, modified, sent, received, or forwarded by You, defendant Bill de Blasio, Raymond Spinella, Emma Wolfe, Dean Fuleihan, or Simcha Eichenstein concerning any fact alleged in the Second Amended Complaint, including but not limited to those on any email account, text message, WhatsApp, Signal, cloud-based file storage system, Google document editing platform, or any other electronic communications platform, handwritten notes, diaries, recordings, or call logs.

12. All documents and communications that you are relying upon to support your defenses to this lawsuit.

## VIII.  Plaintiff's Fourth Request For Production Of Documents From Defendant City Of New York (March 17, 2023)

You are requested to produce for inspection and copying the following documents from the files in your possession, custody or control that were generated, forwarded, or received between January 1, 2017, and the present.

1.  All documents, including emails, text messages, calendars, schedules, spreadsheets, memoranda, drafts, typed notes, handwritten notes, diaries, logs, and other records that were created, modified, maintained, sent, or received by former First Deputy Mayor Dean Fuleihan and concern any of the following: Plaintiff Joanne Jaffe; the January 2018 Terminations; the January 2018 Promotions; planning for the January 2018 Terminations or Promotions; or announcements or publicity strategy related to the Terminations or Promotions.

2.  All documents that constitute or reflect communications between former First Deputy Mayor Dean Fuleihan and Raymond Spinella concerning any of the following: Plaintiff Joanne Jaffe; the January 2018 Terminations; the January 2018 Promotions; planning for the January 2018 Terminations or Promotions; or announcements or publicity strategy related to the Terminations or Promotions.

3.  All documents that constitute or reflect communications between former First Deputy Mayor Dean Fuleihan and Defendant Bill de Blasio concerning any of the following: Plaintiff Joanne Jaffe; the January 2018 Terminations; the January 2018 Promotions; planning for the January 2018 Terminations or Promotions; or announcements or publicity strategy related to the Terminations or Promotions.

4.  All emails, email attachments, electronic meeting invitations, and replies to electronic meeting invitations sent on January 8, 2018 to or from any email account used by First Deputy Mayor Dean Fuleihan.

5.  All documents that constitute or reflect communications between former First Deputy Mayor Dean Fuleihan and Emma Wolfe from January 6, 2018 through January 13, 2018.

6.  All documents that constitute or reflect communications between former First Deputy Mayor Dean Fuleihan and Marco Carrión from January 7, 2018 through January 9, 2018.