

<table>
<tr><td>Hon. Sylvia O. Hinds-Radix<br>*Corporation Counsel*</td><td align="center">THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007-2601</td><td>LAWRENCE J. PROFETA<br>Labor and Employment Law Division<br>Room 2-118<br>Telephone: (212) 356-2630<br>Email: lprofeta@law.nyc.gov</td></tr>
</table>

November 6, 2023

<u>Via ECF</u>

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

  Re: <u>Jaffe v. City of New York, et al., 19-Civ-07024 (LAP)</u>

Dear Judge Preska:

  I write in response to the November 3, 2023 letter from plaintiff's counsel, which was supposed to be a report to the Court about the status of discovery. Plaintiff's counsel's letter, which was submitted with no prior discussion among counsel, is inaccurate and grossly misleading because it fails to mention certain critical facts.

  Plaintiff's counsel is absolutely right that I had told the Court I would be submitting responses to plaintiff's Second and Third Document requests a week after the September 20, 2023 conference. However, **nowhere** in plaintiff's counsel letter, does he make any reference to the fact that on September 28, 2023, I emailed him and told him that we were voluntarily reopening electronic discovery:

> Hi John,
>   As I think I mentioned to you, I had planned on mailing out to you yesterday, responses to plaintiff's second and third document requests. However, in the course of reviewing your requests and the discovery that has taken place in this case, I now realize that the ediscovery previously conducted needs to be supplemented. At the very least, the names of the persons who replaced the four chiefs in 2018 should have been searched and they were not. **As a result, I am in the unusual position of having to raise with you the discovery that you need and could have been conducted in prior ediscovery searches. I don't understand how this happened but see that these terms were not listed by our office or even in the terms that had been proposed by [your office] right before I took over the defense of this case.**

See Ex. A hereto (emphasis added).

The failure of Plaintiff's counsel's November 3, 2023 letter to mention this rather critical fact is particularly surprising because in the intervening weeks, I have vainly tried to reach agreement with him about the ediscovery I believe should have been done. For example, I emailed plaintiff's counsel on October 2, 2023 and gave him the names of the three other persons who should be searched. See Ex. B hereto. On October 12, 2023, I received a letter from plaintiff's counsel which set forth a grossly expanded list of search terms -- which did not even mention two of the three chiefs who should have been searched but were not, and added irrelevant proposed search terms such as "Sharpton" and "National Action Network." Plaintiff's counsel also proposed that any search of NYPD custodians go back to January 1, 2014, and set forth their "ESI Search Parameters" "**subject to a complete reservation of Plaintiff's rights to further supplement or revise proposed custodians, search terms, and/or date restrictions**" (emphasis added). I emailed plaintiff's counsel on October 19, 2023 and told him his greatly expanded list was not reasonable and asked if we could talk. We met on October 25, 2023 at his office but were unable to reach agreement, so on October 26, 2023, I emailed him again with a revised list of proposed search terms, but we have not gotten anywhere.

As for the responses to plaintiff's Second and Third Document Requests, I twice specifically offered to provide responses to plaintiff's counsel, but I told him that the better course would be to first reach agreement on ediscovery search terms which would then be reflected in our response to these requests. Plaintiff's counsel did not object and did not request that I provide the responses -- another fact plaintiff's counsel's November 3, 2023 letter failed to mention.

Finally, I plan on providing supplemental responses to the interrogatories directed to defendant de Blasio. I apologize for the delay but they will have to be verified by Mr. de Blasio and it took time to meet with him. I will provide the supplemental responses by the end of next week.

In sum, plaintiff's counsel's November 3, 2023 letter is grossly inaccurate and misleading about the status of discovery. We are now encountering delays because of plaintiff's counsel's inability to focus on reaching agreement after I offered to reopen ediscovery. As a result, we think a conference with the Court may be necessary to ensure that the ediscovery we will voluntarily conduct is focused and does not contain so many search terms that it would take many months to complete. Furthermore, although defendants are bearing the costs of another round of ediscovery, the parties will face additional delays if subsequent ediscovery takes place in several rounds as plaintiff's counsel's October 12, 2023 letter seems to suggest.

Respectfully,

Lawrence J. Profeta
Assistant Corporation Counsel

cc. Plaintiff's counsel (via ECF)

Exhibit A

**Profeta, Lawrence (Law)**

**From:** Profeta, Lawrence (Law)
**Sent:** Thursday, September 28, 2023 10:36 AM
**To:** 'John W. Moscow'; lou@lapietrakrieger.com
**Cc:** Arko, Christopher (Law)
**Subject:** Jaffe

Hi John,

As I think I mentioned to you, I had planned on mailing out to you yesterday, responses to plaintiff's second and third document requests. However, in the course of reviewing your requests and the discovery that has taken place in this case, I now realize that the ediscovery previously conducted needs to be supplemented. At the very least, the names of the persons who replaced the four chiefs in 2018 should have been searched and they were not. As a result, I am in the unusual position of having to raise with you the discovery that you need and could have been conducted in prior ediscovery searches. I don't understand how this happened but see that these terms were not listed by our office or even in the terms that had been proposed by Mackenna right before I took over the defense of this case.

I just wanted to give you a heads up about this in advance of our meeting tomorrow. Thanks, and please call if you have any questions.
Larry

**From:** John W. Moscow <John.Moscow@LBKMLAW.com>
**Sent:** Tuesday, September 26, 2023 11:08 PM
**To:** Profeta, Lawrence (Law) <lprofeta@law.nyc.gov>
**Subject:** [EXTERNAL] 2 p.m. Friday

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Larry
We can meet at [redacted].Ask the doorman to call up
Looking forward to seeing you.
John

Sent from my iPad

1

Exhibit B

**Profeta, Lawrence (Law)**

| | |
|---|---|
| **From:** | Profeta, Lawrence (Law) |
| **Sent:** | Monday, October 2, 2023 12:00 PM |
| **To:** | John W. Moscow; lou@lapietrakrieger.com |
| **Cc:** | Arko, Christopher (Law) |
| **Subject:** | Jaffe -- the other names to search |

Hi John, further to our conversation this morning, here are the additional names I think we need to search for:

Edward Delatore
William Morris
Harry Wedin

And you requested the period August 14, 2017-Jan. 15, 2018, which I'm ok with.

I just want to make sure we get this done the right way, so could you please confirm that you are ok with this? Please let me know.
Thanks,
Larry

Lawrence J. Profeta
Assistant Corporation Counsel
Office of the Corporation Counsel
100 Church Street, Room 2-118
New York, New York  10007
212-356-2630 (phone)
lprofeta@law.nyc.gov

1