

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

## THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007-2601

**LAWRENCE J. PROFETA**
Labor and Employment Law Division
Room 2-118
Telephone: (212) 356-2630
Email: lprofeta@law.nyc.gov

January 23, 2024

<u>Via ECF</u>

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   Re: <u>Jaffe v. City of New York, et al., 19 Civ. 07024 (LAP)</u>

Dear Judge Preska:

  I write to respectfully request a pre-motion conference regarding a subpoena that plaintiff's counsel has directed to Kramer Levin, which defendants will seek to quash.

  As the Court will see from reviewing the subpoena (which is attached as Exhibit A), the documents sought are patently irrelevant and have no bearing on any legitimate issue in this litigation.  In fact, shortly after I received notice from plaintiff's counsel that the subpoena was being issued, I emailed plaintiff's counsel to see if the subpoena had been served and asked plaintiff to enlighten me about how the documents requested were relevant or had anything to do with our case.  See Exhibit B hereto, January 12, 2024 email to plaintiff's counsel.  Plaintiff's counsel never responded.

  On January 22, 2024, I again emailed plaintiff's counsel to follow up my January 12, 2024 email and to inquire again if the subpoena had been served because I had reached out to Kramer Levin in the interim and was advised that they had not received any subpoena from plaintiff's counsel.  See Exhibit B hereto.  Once again, I heard nothing from plaintiff's counsel, but I was just advised by Kramer Levin that they just received the subpoena (the subpoena is supposedly returnable tomorrow!).

The subpoena at issue is so far beyond the pale that I do not need to say anything more but will just note that we recently agreed to undertake a very burdensome task with respect to electronic discovery, and neither our office, nor the Court should be burdened with having to deal with a subpoena from plaintiff's counsel that would serve no legitimate purpose and just waste the time of everyone involved.

Respectfully,

Lawrence J. Profeta
Assistant Corporation Counsel

cc. Plaintiff's counsel (via ECF)

# EXHIBIT A

**Profeta, Lawrence (Law)**

| | |
|---|---|
| **From:** | James MacFadyen <James.MacFadyen@LBKMLAW.com> |
| **Sent:** | Wednesday, January 10, 2024 11:02 AM |
| **To:** | Profeta, Lawrence (Law); Arko, Christopher (Law) |
| **Cc:** | John W. Moscow; 'Louis C La Pietra Esq'; Joshua Rothman; Solomon B. Shinerock |
| **Subject:** | [EXTERNAL] Notice of Subpoena - Jaffe v. City of New York et al |
| **Attachments:** | 2024.01.10 Subpoena to Kramer Levin.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Hello,

Please take notice that John W. Moscow is issuing the attached subpoena seeking documents from Kramer Levin Naftalis & Frankel LLP pursuant to the *Jaffe v. City of New York, et al.* matter (case no. 19-cv-07024 (LAP)).

Best,
James

James MacFadyen
Investigative Analyst

# Lewis Baach Kaufmann Middlemiss PLLC

10 Grand Central
155 East 44th Street
25th Floor
New York, New York 10017
t 212 822-0159
Email | Website

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Joanne Jaffe | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  19-cv-07024 (LAP) |
| City of New York, Bill de Blasio, and James O'Neill | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     Kramer Levin Naftalis & Frankel LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Lewis Baach Kaufmann Middlemiss PLLC 10 Grand Central, 155 East 44th St., 25th Floor New York, New York 10017  (212) 826-7001 | Date and Time: 01/24/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/10/2024

                    *CLERK OF COURT*
                                                    OR

_____          /s/ John W. Moscow
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff
Joanne Jaffe                                                    , who issues or requests this subpoena, are:

John W. Moscow   Tel: 212-822-0164   Email: John.Moscow@lbkmlaw.com
Lewis Baach Kaufmann Middlemiss PLLC, 55 East 44th St., 25th Floor, New York, New York 10017

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   19-cv-07024 (LAP)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                         *Server's signature*

                                                     _____
                                                         *Printed name and title*

                                                     _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

<u>**Requests for Production**</u>

For the time period from January 1, 2017 to the present day, please produce the following documents in Your possession concerning your representation of **Bill de Blasio**:

1.  Invoices issued to Mr. de Blasio;

2.  Records concerning payments received from Mr. de Blasio;

3.  Records indicating amounts paid to You by others on behalf of Mr. de Blasio;

4.  Records indicating amounts owed by Mr. de Blasio that were written off or otherwise canceled by You; and

5.  Statements of account issued by You to Mr. de Blasio concerning monies owed.

Please note that this subpoena does **<u>not</u>** request the production of any narrative descriptions of work performed by You on behalf of Mr. de Blasio.  To the extent that such descriptions are included on invoices or other responsive documents in Your possession, please redact Your response as appropriate.

1

## Definitions

1.      These definitions hereby incorporate the Uniform Definitions in Discovery Requests as defined in the United States District Court for the Southern District of New York's Local Civil Rule 26.3.

2.      "You" and "Your" refers to Kramer Levin Naftalis & Frankel LLP and to any employee or other representative of Kramer Levin Naftalis & Frankel LLP.

## Instructions

The following instructions (as well as the requirements of Rule 34 of the Federal Rules of Civil Procedure and the applicable Local Rules) apply to these Document Requests:

1.     Each request for a document contemplates production of the document in its entirety, without abbreviation or redaction.

2.     Each request for documents seeks production of all documents described herein, and any attachments thereto, in Your possession. custody, or control or in the possession, custody or control of any of Your attorneys, employees, agents, or representatives, and all documents and any attachments which You or any of Your attorneys, employees, agents, or representatives have the legal right to obtain or have the ability to obtain from sources under Your or their control.

3.     These requests are continuing in nature.  Any additional documents coming into Your possession that are responsive to the foregoing requests shall be furnished promptly. Additionally, if You become aware that a response is inaccurate, incomplete, or misleading, You are required to supplement or amend Your response.

4.     You should produce documents or communications not directly responsive to a request if such documents or communications refer to, relate to, reflect, concern, or explain the documents or communications called for by the document request, or if such documents or communications are attached to documents or communications called for by the request.

5.     If any of the following requests for production of documents cannot be complied with in full, You must comply with each to the extent possible and provide an explanation as to why full compliance is not possible.

3

6.     If there are no documents or communications responsive to a particular request, You must so state in writing.

7.     If a Request is objected to, please state as clearly as possible whether documents are being produced in response to the Request, or whether documents facially responsive to the Request are being withheld or not being searched for. If documents facially responsive to the Request are being withheld or not being searched for, please indicate clearly and specifically the nature of those documents.

8.     If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection.  You must also provide a particularized objection to those requests or portions of requests to which You object.

9.     If You claim that any privilege is applicable to any document sought by this request, You must identify the document, its author, its type, its general subject matter, its date, its recipients (if any), the relationship between the author and recipients (if any), and the privilege asserted.

10.    If a document responsive to the requests has been altered or destroyed or otherwise disposed of, You must identify that document as completely as possible, including its type; general subject matter, date, author, its recipients (if any); the relationship between the author and recipients (if any); the reason for its alteration, destruction, or disposal; and each and every person who authorized that alteration, destruction, or disposal.

11.    In producing documents, all documents that are physically attached to each other shall be produced in that form.  If a document responsive to any request cannot be

4

produced in full, You must produce it to the extent possible and provide an explanation stating why production of the remainder is not possible.

12.     We reserve all rights to expand or supplement all requests for information and the documents and communications set forth herein.

13.     At a future date, we may also subpoena individuals associated with You for depositions and/or trial testimony.

EXHIBIT B

**Profeta, Lawrence (Law)**

| | |
|---|---|
| **From:** | Profeta, Lawrence (Law) |
| **Sent:** | Monday, January 22, 2024 12:45 PM |
| **To:** | John W. Moscow |
| **Cc:** | Arko, Christopher (Law); Linnane, Kathleen (LAW) |
| **Subject:** | Notice of Subpoena - Jaffe v. City of New York et al |

Hi John, I never heard back from you or your office after sending the email below.  I also checked with Kramer Levin and they advised me that they have not received any subpoena from your office.
Could you please advise me what is going on?  I do not want to waste Judge Preska's time seeking to quash your subpoena if it hasn't been served.
Thanks and I hope you are doing well.
Larry

**From:** Profeta, Lawrence (Law)
**Sent:** Friday, January 12, 2024 10:19 AM
**To:** James MacFadyen <James.MacFadyen@LBKMLAW.com>; Arko, Christopher (Law) <carko@law.nyc.gov>
**Cc:** John W. Moscow <John.Moscow@LBKMLAW.com>; 'Louis C La Pietra Esq' <lou@lapietrakrieger.com>; Joshua Rothman <joshua.rothman@lbkmlaw.com>; Solomon B. Shinerock <Solomon.Shinerock@lbkmlaw.com>
**Subject:** RE: [EXTERNAL] Notice of Subpoena - Jaffe v. City of New York et al

Hi James/John,
I have a couple of questions about this.
Has the subpoena been served? If so, is there a person at Kramer Levin you are in touch with?
And, I've reviewed the subpoena, and the documents requested do not appear to be relevant to anything pertaining to the Jaffe litigation.  Could you please advise me how the subpoena is relevant?
Thanks,
Larry

**From:** James MacFadyen <James.MacFadyen@LBKMLAW.com>
**Sent:** Wednesday, January 10, 2024 11:02 AM
**To:** Profeta, Lawrence (Law) <lprofeta@law.nyc.gov>; Arko, Christopher (Law) <carko@law.nyc.gov>
**Cc:** John W. Moscow <John.Moscow@LBKMLAW.com>; 'Louis C La Pietra Esq' <lou@lapietrakrieger.com>; Joshua Rothman <joshua.rothman@lbkmlaw.com>; Solomon B. Shinerock <Solomon.Shinerock@lbkmlaw.com>
**Subject:** [EXTERNAL] Notice of Subpoena - Jaffe v. City of New York et al

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Hello,

Please take notice that John W. Moscow is issuing the attached subpoena seeking documents from Kramer Levin Naftalis & Frankel LLP pursuant to the *Jaffe v. City of New York, et al.* matter (case no. 19-cv-07024 (LAP)).

Best,
James

James MacFadyen
Investigative Analyst

## Lewis Baach Kaufmann Middlemiss PLLC

10 Grand Central
155 East 44th Street
25th Floor
New York, New York 10017
t 212 822-0159

Email | Website

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you*